UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| JANE DOE, by her parents and next friends, JANE ROE and JOHN DOE, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-614 (LOG/MSN) |
| FAIRFAX COUNTY SCHOOL BOARD, | ) ) ) | |
| Defendant. | ) ) | |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Sona Rewari (VSB No. 47327)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington DC 20037
Telephone: (202) 955-1974
Facsimile: (703) 918-4018
srewari@huntonak.com

*Counsel for Defendant*
*Fairfax County School Board*

**Introduction**

Plaintiff's Opposition to the School Board's Partial Motion to Dismiss for Lack of Subject-Matter Jurisdiction confirms that (a) Jane Doe has graduated from the Fairfax County Public Schools, and (b) any claims for prospective relief, both injunctive and declaratory, are now moot.[1] Dkt. 21 ("Opp'n") at 1–2.  The only question remaining before the Court is whether Ms. Doe still has a live claim for what her Opposition calls "retrospective injunctive and declaratory relief to remedy Defendant's violations of law."[2]  *Id.* at 2.  She does not.

The reason why Ms. Doe's claims for injunctive and declaratory relief became moot once she graduated is simple:  such relief would not benefit Ms. Doe or affect the School Board's conduct toward her, and a federal court cannot issue advisory opinions.  Nonetheless, Ms. Doe's Opposition fixates on two narrow circumstances in which a court can make a declaration or issue an injunction that can have a legal or practical effect on a student even though she graduated.

---

[1] Ms. Doe's Opposition contends in a footnote on page 2 that Rule 12(h)(3) is not the appropriate vehicle for the Court to rule on this Motion and that the motion should be converted to a motion under Rule 56.  Contrary to Ms. Doe's assertion, application of Rule 12(h)(3) is not limited to only those circumstances where a court lacks subject-matter jurisdiction over an entire action.  *See, e.g., Stop Reckless Econ. Instability Caused by Democrats v. Fed'l Elec. Comm'n*, 814 F.3d 221, 232 (4th Cir. 2016) (vacating district court's merits ruling regarding two claims that were moot and remanding them "for dismissal in accordance with Rule 12(h)(3)" while affirming award of summary judgment on third claim), *cert denied*, 137 S. Ct. 374 (2016).

Further, Ms. Doe elects to ignore that the School Board's Motion was also brought under Rule 12(b)(1).  She also ignores *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999), cited in the School Board's opening brief, which is just one of many cases stating that, on a motion under Rule 12(b)(1), the court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.  Ms. Doe's argument that this motion should be converted to a motion under Rule 56 is all the more puzzling, given her admission that the basis of the School Board's Motion is "the undisputed fact that Ms. Doe has graduated from high school." Opp'n at 2–3 n.2.

[2] The School Board's Partial Motion to Dismiss also sought dismissal of Jane Roe and John Doe as next friends and asked the Court to provide Ms. Doe an opportunity to file an amended complaint that joins her as the party-plaintiff.  That part of the Motion has been mooted by the Court's order of July 16, 2018, denying Plaintiff's Motion to Amend the Case Caption and providing her 14 days to file an amended complaint.  Dkt. 20.

First, she argues that a request for declaratory relief can survive when it is a necessary predicate for a damages award, such as when a court must decide a threshold constitutional question. This type of "retrospective" declaration *would* have a benefit for the plaintiff: it would entitle the plaintiff to receive damages. But that's not this case. There's no constitutional claim or issue here. The only claim alleged is one under Title IX. And even if some threshold declaration was a necessary predicate to damages here, the Court would still be limited to considering only the conduct that can form the basis of damages liability under Title IX.

Second, Ms. Doe seizes on cases involving students who alleged that they had been wrongly disciplined or received a poor grade and sought expungement of their disciplinary or academic records. Because such injunctive relief *would* affect the defendant's behavior toward the plaintiffs even after their graduation, those limited parts of their injunctive relief claims remained live. Again, that's not this case. Ms. Doe did not allege that she was issued any discipline arising out of the March 8, 2017, incident. Her Opposition admits that, in fact, she was not.

Ms. Doe has failed to demonstrate the existence of any live controversy that could form the basis for injunctive and declaratory relief. The Court should dismiss those claims as moot.

## Argument

**A.     Ms. Doe Does Not Have A Claim For "Retrospective Declaratory Relief."**

Nowhere in its discussion of declaratory judgments does Ms. Doe's Opposition address the binding precedent of *Mellen v. Bunting,* 327 F.3d 355 (4th Cir. 2003), which was cited in the School Board's opening brief. *Mellen* establishes that students' claims for declaratory relief challenging their schools' conduct or policies become moot upon the students' graduation, despite that their claims for money damages do not—even where those damages claims require resolution of the same legal issues as the declaratory relief claims. *Id.* at 365.

In *Mellen,* cadets at the Virginia Military Institute alleged that the daily "supper prayer" at the school violated the Establishment Clause of the First Amendment, the Virginia Constitution, and a Virginia statute. *Id.* at 363. They sought declaratory and injunctive relief, as well as nominal damages, costs, and attorneys' fees. *Id.* On summary judgment, the district court found in favor of the cadets, awarding them declaratory relief and enjoining the superintendent from sponsoring the supper prayer. *Id.* In evaluating the request for money damages, the district court found that the superintendent was entitled to qualified immunity. *Id.* A few months after the judgment, the plaintiffs graduated from the Institute. *Id.* at 365. On appeal, the Fourth Circuit vacated the declaratory and injunctive relief entered by the district court because those claims had become moot upon the cadets' graduation. *Id.* Acknowledging that "the Plaintiffs' claim for damages requires us to answer, in assessing whether [the Superintendent] is entitled to qualified immunity, basically the same question as the district court answered in awarding declaratory relief," the Fourth Circuit nonetheless vacated the award of declaratory relief as moot. *Id.* at 365 n.6. The Court then went on to affirm the district court's ruling that the supper prayer violated the Establishment Clause and that the superintendent was entitled to qualified immunity. *Id.* at 376–77.

The Fourth Circuit continues to follow *Mellen.*[3] So do the district courts in this Circuit.[4] Other Circuit Courts of Appeal have applied, and continue to apply, the same reasoning to

---

[3] *See Herrera v. Finan*, 709 F. App'x 741, 745-46 (4th Cir. 2017) (per curiam) (student's claims for declaratory and injunctive relief challenging constitutionality of state university's rules on in-state residency became moot upon her graduation from university, and appellate review of dismissal of her claim for damages had been waived); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 496 n.15 (4th Cir. 2005) (noting that plaintiff's graduation made her claims for injunctive relief moot "except for her request that GMU expunge the failing grade from her record").

[4] *See, e.g., Moss v. Spartanburg Cty. Sch. Dist. No. 7,* 775 F. Supp. 2d 858, 870 n.6 (D.S.C. 2011) (in Establishment Clause challenge to school policy, ruling *sua sponte* that one

-3-

dismiss as moot requests for declaratory and injunctive relief by student-plaintiffs who have graduated from the defendant institution, and to consider only plaintiffs' claims for compensatory or nominal damages.[5]

Ignoring this veritable mountain of adverse authority, Ms. Doe argues that "courts consistently exercise their discretion to preserve claims for retrospective declaratory relief *precisely because* such claims are a predicate for damages" (Opp'n at 5 (emphasis in original)), and asserts that she has requested "declaratory relief as a predicate for damages" (*id.* at 8). But both halves of that argument are wrong.

Federal courts have no authority to rule on a claim that has been rendered moot. *E.g., Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992); *see also* Dkt. 14, School Bd.'s Mem. in Supp. of Partial Mot. to Dismiss, at 3–4. Once a claim has become moot, a court does not have the "discretion to preserve" it.

---

plaintiff's claim for declaratory judgment was moot because of her graduation, though her claim for nominal damages remained live); *Ashby v. Isle of Wight Cty. School Bd.*, 354 F. Supp. 2d 616, 624 (E.D. Va. 2004) (dismissing as moot claim for declaratory judgment and considering only damages claim in lawsuit alleging that school board violated student-plaintiff's rights under the First and Fourteenth Amendments by preventing her from singing religious song at graduation, where plaintiff had already graduated).

[5] *See, e.g., Corder v. Lewis Palmer Sch. Dist.,* 566 F.3d 1219, 1224–25 (10th Cir. 2009) (dismissing as moot plaintiff's claims for declaratory and injunctive relief, including demands for a declaration that district violated her First Amendment and Equal Protection rights in its response to her speech at her high school graduation and that school district's unwritten policy was unconstitutional, and considering only claim for nominal damages); *Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 217–18 (3d Cir. 2003) (in case under the Equal Access Act, 20 U.S.C. § 4071, ruling *sua sponte* that plaintiff's request for declaratory and injunctive relief was mooted by her graduation, and considering the merits of only her requests for compensatory damages and attorneys' fees); *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000) ("It is well-settled that once a student graduates, he no longer has a live case or controversy justifying declaratory and injunctive relief against a school's action or policy"); *see also* Dkt. 14, School Bd.'s Mem. in Supp. of Partial Mot. to Dismiss, at 5 n.3 (collecting cases).

Ms. Doe cites cases noting that a request for declaratory relief can survive a mootness challenge to the extent that is sought "as a predicate for a damages award." But that narrow exception does not apply here. Ms. Doe's Complaint does not request a declaratory finding that the School Board violated Title IX "as a predicate" for compensatory damages. *See* Dkt. 1, Compl., at 21. Ms. Doe also cites no authority for her bare assertion in her Opposition that "[a] court *must determine* the illegality of Defendant's conduct to decide damages liability." Opp'n at 7 (emphasis added). Nor does she cite any authority for her assertion that "this Court is not only empowered to declare the illegality of Defendant's past conduct, but it *must do so as a necessary predicate* for Doe to receive any damages." *Id.* at 3 (emphasis added). Nor does she explain why this would be so. Indeed, Ms. Doe has demanded in her Complaint a jury trial "on all issues," (Compl. at 22); so a declaratory finding by the Court would not and could not be "necessary predicate" to a damages award.[6]

Ms. Doe's Opposition is itself internally contradictory about whether the "retrospective" declaratory relief she seeks truly is one that is coterminous with her damages claim. For example, her Opposition asserts that her graduation "does not moot her assertion that Defendant violated her rights under Title IX when it failed to … maintain proper policies and protocols…." (Opp'n at 2.) But, as the School Board pointed out in its opening brief, the Supreme Court has held that a private plaintiff *cannot* recover damages under Title IX based on an "asserted failure to promulgate and publicize an effective policy and grievance procedure for sexual harassment"

---

[6] *Cf. Grimm v. Gloucester Cty. Sch. Bd.*, No. 4:15-cv-54, 2017 WL 9882602, at *3 (E.D. Va. Dec. 12, 2017) (in case alleging violations of Title IX and Equal Protection Clause, holding that "because Plaintiff's claim for damages rests upon a determination of the constitutionality of the complained-of action, his claim for retrospective declaratory relief is not moot"); *Marks v. City Council of City of Chesapeake,* 723 F. Supp. 1155, 1160 (E.D. Va. 1998) ( "[A] claim for declaratory relief remains viable even after complained of conduct is complete, to the extent that the claim's resolution determines liability for damages to redress injuries alleged and proven"), *aff'd* 883 F.2d 308 (4th Cir. 1989).

or noncompliance with other "administrative requirements." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291–92 (1998). Moreover, the Supreme Court held in *Davis v. Monroe Cty. Bd. of Education*, 526 U.S. 629 (1999), that the circumstances under which an educational institution can be held liable in damages for student-on-student harassment are "limited" and require a showing of "deliberate indifference" to the alleged harassment. *Id.* at 645–46.

Ms. Doe's Opposition does not address these arguments. Nor does she rebut that the *only* alleged "violation of Title IX" for which she can receive money damages is one that fits the limited circumstances set forth in *Davis*. Yet, her Opposition repeatedly refers to alleged claims for "violations of Title IX." Opp'n at 2, 3, 4, 8, 9, 11. These broad allusions, coupled with the Complaint's accusations of noncompliance with Department of Education's administrative requirements and a Voluntary Resolution Agreement that resolved an administrative complaint brought by another student in 2012, suggest that Ms. Doe hopes to use the label of "retrospective declaratory relief" as a stalking horse for seeking advisory opinions about conduct that cannot form the basis of her damages claim. She cannot do so.[7]

The Court should dismiss Ms. Doe's request for declaratory relief as moot.

**B.       Ms. Doe Does Not Have A Claim For "Retrospective Injunctive Relief."**

There is also no merit to Ms. Doe's theory that she still has a claim for "retrospective injunctive" relief. Opp'n at 2. The only injunctive relief sought in the Complaint is prospective.

---

[7] *See, e.g., Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) ("[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'") (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)); *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F. 3d 150, 161 (4th Cir. 2010) ("[A]lthough the parties may desire that we render an opinion to satisfy their demand for vindication or curiosity about who's in the right and who's in the wrong, we may only decide cases that matter in the real world.") (citation and internal quotation marks omitted); *Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007) ("Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy.").

In the Prayer for Relief, Ms. Doe asks the Court to "[a]ward injunctive relief to be determined at trial requiring Fairfax County School Board *to comply* with Title IX." Dkt. 1, Compl., at 21. There's nothing retrospective about that request.

Ms. Doe misplaces reliance on cases involving plaintiffs who were seeking expungement of adverse findings in their disciplinary or academic records. For starters, those cases recognize that such relief is *prospective*, not retrospective. *E.g., Constantine*, 411 F.3d at 496 (finding that student's prayer for relief seeking an order expunging her failing grade was "prospective" relief that was not barred by the Eleventh Amendment under the *Ex parte Young* doctrine); *Shepard v. Irving,* 77 F. App'x 615, 620 (4th Cir. 2003) (plaintiff's requests for expungement of her "F" and her plagiarism conviction by university's Honor Committee "would relate to an ongoing violation of federal law and the relief granted would be prospective in nature," and allowable under *Ex parte Young* doctrine).[8]

But there's another, more fundamental defect in Ms. Doe's argument. As the cases she cites show, this exception applies only when the plaintiff's complaint alleges the existence of an adverse academic or disciplinary action and requests the court to order an expungement of that record. In *Flint v. Dennison*, 488 F.3d 816, 824 (9th Cir. 2007), for example, the court stated

---

[8] *Accord Doe v. Cummins,* 662 F. App'x 437, 444 (6th Cir. 2016) (where plaintiffs requested an injunction that would require defendants "to remove the negative notation from [their] disciplinary records that resulted from the allegedly unconstitutional disciplinary process" it was "nothing more than prospective remedial action" permitted under *Ex parte Young*); *Esfeller v. O'Keefe*, 391 F. App'x 337, 340 (5th Cir. 2010) ("Although, absent the blemish on his academic record, Esfeller would not have a live controversy or standing to challenge the validity of the Code now that he is no longer subject to it, the sanction is an actual, concrete injury sufficient to satisfy Article III. Thus, he can seek to invalidate the Code provisions and enjoin their application because, if successful, Esfeller will no longer be subject to the disciplinary sanction, which would be removed from his record.") (citation omitted); *Doe v. DiStefano,* No. 16-cv-1789-WJM-KLM, 2018 WL 2096347, at *3 n.1 & *6 (D. Colo. May 17, 2018) (noting that amended complaint seeking injunctive relief was proper against university chancellor under the *Ex parte Young* exception because such relief was prospective).

that "[s]o long as a former student's record contains evidence of disciplinary sanctions, and the former student seeks an order requiring school officials to expunge from school records all mention of the disciplinary action, the action is not moot." It expressly distinguished the case before it—in which the plaintiff had alleged that he was censured, had asked for expungement of records of the censure, and the evidence showed that such records existed—from *Students for a Conservative America v. Greenwood*, 378 F.3d 1129 (9th Cir. 2004), in which it had "found the expungement exception inapplicable despite the students' request for expungement because the university did not keep records of election code violations" and there was "no evidence in that case that the students were censured." *Id.* at 824 n.3 (citation omitted).

Likewise, the District of Maryland court in *Wood v. Board of Education of Charles County,* No. 6GJH-16-00239, 2016 WL 8669913, at *4 (D. Md. Sept. 30, 2016), applied *Mellen* to dismiss as moot claims for declaratory and injunctive relief brought by a student and her parents who alleged a variety of constitutional and statutory claims arising out of an instructional assignment given to the student who had since graduated. In a last-ditch effort to avoid mootness, the family's attorney mentioned during the motions hearing "an adjustment of [the former student's] grade as a potential form of injunctive relief." *Id.* at *4 n.4. The court was unpersuaded, noting that such a request "does not appear in either the proposed order attached to the Motion for Preliminary Injunction … or in the Prayer for Relief in the Complaint." *Id.*

Ms. Doe's Complaint does not allege that any discipline was issued to her, or that her disciplinary or academic records contain any mention of the March 8, 2017, incident. Nor does her Prayer for Relief ask for expungement of any record. Just the opposite, her Opposition *admits* that "Plaintiff was not disciplined." Opp'n at 8. It also admits that she has no present knowledge of any reference to the incident contained in her disciplinary or academic records. *Id.*

-8-

Instead, she poses only hypotheticals about what she "may" find during discovery. *Id.* Under the authority of the cases that Ms. Doe has herself cited, such sheer speculation cannot circumvent mootness.

## Conclusion

Ms. Doe has not met her burden to show that the Court continues to have subject-matter jurisdiction of her claims for declaratory and injunctive relief now that she has graduated from the Fairfax County Public Schools. Those claims are moot, and the Court should dismiss them as such.

Respectfully submitted,

By: _____/s/_____
Sona Rewari (VSB No. 47327)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington DC 20037
Telephone: (202) 955-1974
Facsimile: (703) 918-4018
srewari@huntonak.com

*Counsel for Defendant*
*Fairfax County School Board*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

_____/s/_____
Sona Rewari (VSB No. 47327)