**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-614 (LOG/MSN) |
| | ) | |
| FAIRFAX COUNTY SCHOOL BOARD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT FAIRFAX COUNTY SCHOOL BOARD'S
ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Fairfax County School Board (the "School Board"), by counsel, hereby states the following as its Answer and Affirmative Defenses to the First Amended Complaint:

1.    The School Board admits only that the plaintiff, Jane Doe, was until recently a student in the Fairfax County Public Schools ("FCPS"), and that she bases this lawsuit on a sexual encounter involving Ms. Doe and an older FCPS student, that occurred during the first day of a five-day trip taken by one of the Oakton High School bands when Ms. Doe was 16 years old.  All other allegations in Paragraph 1 are denied.

2.    Denied.

3.    The School Board denies the allegations in the first sentence of paragraph 3.  The School Board admits only that an FCPS administrator spoke to Ms. Doe after the students returned to Oakton High School, and it denies all other allegations in the second sentence of Paragraph 3.

4.    The School Board admits only that FCPS employees talked to Ms. Doe about what had happened between her and a male student on the bus during the band trip, and it denies

-1-

all other allegations in the first sentence of Paragraph 4.  School officials told Ms. Doe's parents

about the sexual encounter that Ms. Doe said had happened on the bus between her and the male

student, which she neither described nor reported as a sexual assault, so the School Board admits

that school officials did not inform Ms. Doe's parents that she had reported being sexually

assaulted.  It denies all other allegations in the second sentence of Paragraph 4.

5.      The School Board admits only that Oakton High School officials conducted an

investigation, and it denies the remaining allegations in the first sentence of Paragraph 5.  The

School Board admits only that Ms. Doe was ultimately not disciplined for her sexual activity on

the bus, the male student continued to attend band class, and he received an award a few months

later, and it denies all other allegations in the second sentence of Paragraph 5.

6.      The School Board admits only that Ms. Doe and the male student remained

enrolled in the same band class, and it denies all other allegations in Paragraph 6.

7.      What Ms. Doe relayed to school officials as having happened between her and the

male student on the bus was not a sexual assault, and FCPS took meaningful and appropriate

action to address what Ms. Doe said had happened, so the School Board denies the allegations to

the contrary made in the first sentence of Paragraph 7.  The School Board also denies that Ms.

Doe struggled academically for the remainder of the school year.  It lacks information or

knowledge sufficient to admit or deny the allegation that Ms. Doe struggled emotionally and

physically for the remainder of the school year.  The School Board denies the allegations made

in the second sentence of Paragraph 7.

8.      FCPS responded promptly and adequately to the information it was given, which

information did not describe a sexual assault of Ms. Doe by another FCPS student, so the School

Board denies the allegations to the contrary in Paragraph 8.  The remaining allegations in

Paragraph 8 state a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

9.      The School Board denies the allegations in the first sentence of Paragraph 9.  The School Board admits only that FCPS entered into a Voluntary Resolution Agreement ("VRA") with the U.S. Department of Education's Office for Civil Rights in 2014, to resolve the issues raised in a student's sexual harassment complaint under Title IX, and it denies all other allegations in the second sentence of Paragraph 9.  The School Board admits only that, as part of the VRA, FCPS agreed to make a series of changes to its policies, procedures, and practices, and it denies all other allegations in the third sentence of Paragraph 9.  The School Board admits that Title IX complaints have been filed with OCR against FCPS since 2014, and denies all other allegations in fourth sentence of Paragraph 9.

10.      FCPS admits only that it is currently the tenth largest school division in the country, and it denies all other allegations in Paragraph 10.

11.      The School Board admits only that it manages and operates FCPS, but denies that it is an entity legally separate from FCPS.  The remainder of Paragraph 11 states a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

12.      Paragraph 12 states a legal conclusion to which no response is required.

13.      The School Board admits only that it resides within this Court's judicial district; the remainder of Paragraph 13 states a legal conclusion to which no response is required.

14.      The School Board admits that Ms. Doe is an 18-year-old female and that her parents are John Doe and Jane Roe, and it lacks information or knowledge sufficient to admit or deny the remaining allegations in the first sentence of Paragraph 14.  The School Board admits

that Ms. Doe previously attended Oakton High School, which is part of the Fairfax County Public Schools.

15.     Admitted.

16.     The School Board admits that it is the body corporate charged with the supervision of FCPS, and it denies  all other allegations in Paragraph 16.

17.     Paragraph 17 states a legal conclusion to which no response is required.

18.     The School Board admits that it is the body corporate charged with operation of FCPS and that it receives federal financial assistance.  The remainder of Paragraph 18 states a legal conclusion to which no response is required.

19.     Paragraph 19 states a legal conclusion to which no response is required.

20.     Paragraph 20 states a legal conclusion to which no response is required.

21.     Paragraph 21 states a legal conclusion to which no response is required.

22.     Paragraph 22 states a legal conclusion to which no response is required.

23.     The School Board admits only that Ms. Doe previously was a senior honors student at Oakton High School and was previously an active member in the school's band program, but denies that she is currently a student at Oakton High School or an active member in the school's band program.

24.     The School Board admits only that the Oakton High School Symphonic Band participated in a band festival in March 2017, in Indianapolis, Indiana, and it denies all other allegations in the first sentence of Paragraph 24.  The School Board admits the second sentence of Paragraph 24.

25.     The School Board admits only that, during part of the trip on March 8, 2017, a male senior student ("Student X") and Ms. Doe sat next to each other on the bus, and it denies all

-4-

other allegations in the first sentence of Paragraph 25.  The School Board admits only that Ms. Doe grabbed a blanket that was then used to cover both Ms. Doe and Student X; it lacks information or knowledge sufficient to admit or deny the remaining allegations in the second sentence of Paragraph 25.

26.     The School Board admits only that, while it was dark on the bus, Ms. Doe touched Student X's penis with her hand and rubbed it, and that Student X put his hands under Ms. Doe's shirt and down her pants.  The School Board denies all other allegations in Paragraph 26.

27.     Denied.

28.     The School Board admits only that adult chaperones and an FCPS teacher were on the bus at the time that Ms. Doe and Student X were seated next to, and touching, each other sexually, and it denies all other allegations in the first sentence of Paragraph 28.  The School Board admits that Student X's mother was a chaperone on the trip.

29.     The School Board denies the allegations in the first two sentences of Paragraph 29.  The School Board lacks information or knowledge sufficient to admit or deny the allegations in the third and fourth sentences of Paragraph 29.  The School Board denies the allegations in the last sentence of Paragraph 29.

30.     The School Board admits only that at least one student told an FCPS employee that Ms. Doe and Student X had engaged in some sort of sexual activity on the bus, and it denies all other factual allegations in Paragraph 30.

31.     The School Board lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 31, regarding what Ms. Doe told Student A and when.  All other allegations in the first sentence of Paragraph 31 are denied.  The School Board

denies that Student A reported a sexual assault of Ms. Doe to Assistant Principal Michelle

Taylor.  All other allegations in the second sentence of Paragraph 31 are denied.

32.     The School Board admits only that Ms. Taylor was an administrator and the

Supervisor for Oakton's Fine & Performing Arts program, and that she was present during part

of the trip.  All other allegations in the first sentence of Paragraph 32 are denied.  The School

Board admits only that Taylor was a supervisor of Dr. Jamie VanValkenburg, Director of Bands

and she was also one of the administrators responsible for discipline and student affairs on band

trips, and it denies all other allegations in the second sentence of Paragraph 32.  The School

Board admits that Ms. Taylor has spoken to band students about Oakton and FCPS's code of

student conduct and the consequences of engaging in misconduct on overnight school trips, but

lacks information or knowledge sufficient to admit or deny whether she spoke to the students on

this topic specifically before the March 2017 band trip.

33.     The School Board admits only that Ms. Taylor told Student A that she would look

into what had occurred involving Ms. Doe and Student X.  The School Board denies all other

allegations in Paragraph 33, and expressly denies that Student A reported a sexual assault of Ms.

Doe to Ms. Taylor.

34.     Denied.

35.     Denied.

36.     The School Board lacks information or knowledge sufficient to admit or deny the

allegations in Paragraph 36.

37.     The School Board admits only that Student B, who was not on the trip, spoke to a

math teacher, Laura Kelly, on March 10, about something involving a friend on the band trip, but

denies that Student B "reported" to Ms. Kelly what had happened or who was involved.  All

other allegations in the first sentence of Paragraph 37 are denied.  The School Board admits only that Ms. Kelly told Student B that she would talk to an appropriate person at the school, and it denies all other allegations in the second sentence of Paragraph 37.

38.     The School Board lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 38.

39.     The School Board lacks information or knowledge sufficient to admit or deny the allegations in the first sentence of Paragraph 39.  The School Board admits only that Student C's parent contacted Dr. VanValkenburg at night, hours after they returned from the trip, regarding what her daughter said had happened between Student X and Ms. Doe, and it denies all other allegations in the second sentence of Paragraph 39.

40.     The School Board admits only that no Oakton High School administrator or employee contacted Ms. Doe during the trip to ask about an alleged sexual assault, and no Oakton High School administrator or employee contacted Ms. Doe on the Sunday night after she returned from the band trip, and it denies all other allegations in the first sentence of Paragraph 40.  The School Board admits only that no Oakton High School administrator or employee contacted Ms. Doe's parents during the trip or on the Sunday evening of the band's return from the trip, and it denies all other allegations in the second sentence of Paragraph 40.

41.     Denied.

42.     The School Board admits only that the Oakton Symphonic Band had a performance on March 10, and it denies all other allegations in Paragraph 42.

43.     The School Board denies the allegations in Paragraph 43.

44.     The School Board admits only that an individual was designated to serve as a resource for students who became sick during the band trip, and it denies all other allegations in

the first sentence of Paragraph 44.  Upon information and belief, the School Board admits only that no FCPS administrator or employee referred Ms. Doe to this individual or directed this individual to contact Ms. Doe during the trip.  The School Board lacks information or knowledge sufficient to admit or deny whether any of the parent chaperones referred Ms. Doe to this individual or directed this individual to contact Ms. Doe.

45.   The School Board admits only that FCPS did not speak to Ms. Doe about what had happened between Ms. Doe and Student X on the bus until after the band had returned from the trip, and it denies all other allegations in Paragraph 45.

46.   The School Board admits the allegations in the first sentence of Paragraph 46.  It lacks information or knowledge sufficient to admit or deny the allegations in the second sentence of Paragraph 46.  The School admits the third sentence of Paragraph 46.

47.   The School Board admits only that then-Assistant Principal Jennifer Hogan was in the room with Ms. Doe and Ms. Calvello, and it denies all other allegations in the first sentence of Paragraph 47.  The School Board denies the allegations in the second sentence of Paragraph 47.  The School Board admits only that Ms. Doe described what had happened on the bus between Student X and herself; it denies all other allegations in the third sentence of Paragraph 47, and expressly denies that Ms. Doe described or relayed a sexual assault of herself to Ms. Hogan and Ms. Calvello.  The School Board admits only that Ms. Doe was given the opportunity to write down her account of what had happened; it denies all other allegations in the fourth sentence of Paragraph 47, and expressly denies that Ms. Doe told Ms. Hogan and Ms. Calvello that Student X had "forced himself on her" or "forced her to touch him."

48.   The School Board admits only that Ms. Hogan did not tell Ms. Doe that she could call her parents at the start of the interview, and it denies all other allegations in Paragraph 48.

49.     The School Board admits only that Ms. Doe wrote a statement which included the sentences quoted in Paragraph 49, and it denies that her statement included everything that Ms. Doe had said about what had occurred between her and Student X on the bus.

50.     Denied.

51.     The School Board denies the allegations in the first and second sentences of Paragraph 51.  The School Board admits that Ms. Hogan left Ms. Doe and Ms. Calvello in the room, and it denies all other allegations in the third sentence of Paragraph 51.

52.     The School Board admits the first sentence of Paragraph 52.  It denies the allegations in the second sentence of Paragraph 52.

53.     The School Board lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 53.

54.     Denied.

55.     The School Board admits only that Mr. Baranyk asked Ms. Doe some questions about what had happened between Ms. Doe and Student X on the bus, and it denies all other allegations in Paragraph 55.

56.     The School Board admits only that Mr. Baranyk asked Ms. Doe about what had happened between her and Student X on the bus, and it denies all other allegations in the first sentence of Paragraph 56.  The School Board admits only that, among the things that were discussed during the meeting with Ms. Doe, were her wearing Student X's hat and her offering him a blanket when he said he was cold; the School Board denies all other allegations in the second sentence of Paragraph 56.  The School Board admits only that Student X's girlfriend was also discussed during the meeting with Ms. Doe, and it denies all other allegations in the third sentence of Paragraph 56.

57.     The School Board admits only that the bus was filled with people at the time of the sexual encounter between Ms. Doe and Student X and that Ms. Doe said she did not scream, and it denies all other allegations in Paragraph 57.

58.     The School Board denies the allegations in the first and second sentences of Paragraph 58. The School Board admits only that Ms. Hogan indicated that she was going to call one of Ms. Doe's parents, and it denies all other allegations in the third sentence of Paragraph 58. The School Board admits the fourth sentence of Paragraph 58.

59.     Denied.

60.     The School Board admits that an Oakton administrator attempted to reach Ms. Doe's mother, Ms. Roe, on March 13, 2017.  The School Board denies that Ms. Doe reported a sexual assault, and lacks information or knowledge sufficient to admit or deny the other allegations in the second sentence of Paragraph 60.  The School Board admits that Mr. Doe came to Oakton High School on March 13, 2017; it lacks information or knowledge sufficient to admit or deny the other allegations in the third sentence of Paragraph 60.

61.     The School Board admits the first sentence of Paragraph 61.  The School Board admits that Mr. Doe indicated that his daughter had mentioned something about sexual touching to him, and it denies all other allegations in the second sentence of Paragraph 61.  The School Board admits only that Ms. Hogan told Mr. Doe that the school was conducting an investigation, and it denies all other allegations in the third sentence of Paragraph 61.  The School Board admits that Mr. Doe asked whether his daughter could be suspended, and it denies all other allegations in the fourth sentence of Paragraph 61.

62.     Denied.

63.     The School Board denies the allegations in the first sentence of Paragraph 63, and expressly denies that Ms. Doe had reported a sexual assault during her interviews.  The School Board admits only that Ms. Hogan did not ask to continue to interview Ms. Doe; it lacks knowledge or information sufficient to admit or deny whether Ms. Hogan told Mr. Doe that Ms. Doe had written a statement; and denies all other allegations in the second sentence of Paragraph 63.  The School Board lacks knowledge or information sufficient to admit or deny the allegations in the third statement of Paragraph 63.

64.     The School Board lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 64.  The School Board denies that Ms. Hogan's meeting with Ms. Doe was prompted by reports of Ms. Doe's sexual assault, and lacks information or knowledge sufficient to admit or deny the allegations what Ms. Roe and Mr. Doe discussed with their daughter.

65.     Denied.

66.     The School Board admits only that Jane Roe and John Doe met with Ms. Hogan and Ms. Calvello on March 16, 2017, to discuss what had happened between Ms. Doe and Student X on the bus, and it denies all other allegations in the first sentence of Paragraph 66.  The School Board admits only that Ms. Hogan did not agree with Ms. Roe's characterization of the sexual encounter as a sexual assault, and it denies all other allegations in the second sentence of Paragraph 66.  The School Board denies the allegations in the third and fourth sentences of Paragraph 66.

67.     Denied.

68.     The School Board admits only that, at the time of the meeting with Ms. Doe's parents, three days had passed since school officials had spoken with Ms. Doe about what had happened on the bus, and it denies all other allegations in Paragraph 68.

69.     The School Board denies that Ms. Hogan and the school were concerned only about the school's potential exposure to liability, not the safety of students.  It lacks information or knowledge sufficient to admit or deny what Jane Roe and John Doe felt.

70.     The School Board admits only that Ms. Roe asked whether Student X would be disciplined and that Ms. Hogan said that she could not share another student's discipline with her, and it denies all other allegations in Paragraph 70.

71.     The School Board denies that it was the school's position that Ms. Doe would be forced to interact with Student X because he would soon graduate; it lacks information or knowledge sufficient to admit or deny the allegations about what Ms. Roe thought.

72.     The School Board admits only that Ms. Hogan told Ms. Roe that she could not discuss Student X's discipline or lack thereof with Ms. Doe's family, and it denies all other allegations in Paragraph 72.

73.     Denied.

74.     Denied.

75.     The School Board denies the allegations in the first sentence of Paragraph 75, and expressly denies that Ms. Doe made a report of a sexual assault.  The School Board admits only that the school decided not to discipline Student X; it denies all other allegations in the second sentence of Paragraph 75, and expressly denies that the school decided not to discipline Student X for a sexual assault of Ms. Doe.

76.    The School Board admits only that the school did not accede to some of the demands made by Ms. Doe's parents about how the school should support their daughter, and it denies all other allegations in Paragraph 76.

77.    The School Board admits only that, before the band trip, Ms. Doe sat near Student X in band class, and it denies all other allegations in the first sentence of Paragraph 77. The School Board lacks knowledge or information sufficient to admit or deny how Ms. Doe felt about Student X after the trip; it denies all other allegations in the second sentence of Paragraph 77. The School Board admits only that Ms. Roe asked Ms. Hogan to remove Student X from the band, and it denies all other allegations in the third sentence of Paragraph 77. The School Board denies the allegations in the fourth sentence of Paragraph 77.

78.    The Doe family requested that Ms. Doe be permitted to sit out or leave during band class if she so chose and that she did so choose for a short period of time, so the School Board denies all allegations to the contrary in Paragraph 78.

79.    Ms. Doe (or Ms. Roe, as alleged in Paragraph 79) was not "pushed out of" any activity, so the School Board denies that allegation; it lacks information or knowledge sufficient to admit or deny the other allegations in the first sentence of Paragraph 79. The School Board admits only that, at the Doe family's request, Dr. VanValkenburg rearranged the seating in band class so that Ms. Doe would not be sitting in close proximity to Student X, and it denies all other allegations in the second sentence of Paragraph 79.

80.    The School Board admits only that Ms. Doe was able to practice with the other students, and it denies all other allegations in the first sentence of Paragraph 80. Ms. Doe was never not "allowed" in the band classroom, and the band director was not "forced to" allow her "back in the room," so the School Board denies those allegation in the second sentence of

Paragraph 80; it lacks information or knowledge sufficient to admit or deny the allegations in the second sentence of Paragraph 80 regarding how Ms. Doe felt.

81.     FCPS took meaningful action to address the information that Ms. Doe provided about the sexual encounter between her and Student X, so the School Board denies the contrary allegation in the first sentence of Paragraph 81. The School Board also denies that Ms. Doe struggled academically for the remainder of the school year; it lacks information or knowledge sufficient to admit or deny the allegations in the first sentence of Paragraph 81 regarding Ms. Doe's physical and emotional state. The School Board lacks information or knowledge sufficient to admit or deny the allegations in the second sentence of Paragraph 81. The school's response was reasonable and FCPS did not "let her down," so the School Board denies the allegations to the contrary in the third sentence of Paragraph 81. It lacks information or knowledge sufficient to admit or deny the allegations about Ms. Doe's feelings in the third sentence of Paragraph 81.

82.     The School Board admits the first sentence of Paragraph 82. The School Board admits only that band members and their families are invited to attend the end-of-year banquet, and that school officials may also attend, and it denies all other allegations in the second sentence of Paragraph 82. The School Board admits that, by the time of the banquet, Dr. VanValkenburg knew that school officials had spoken to Ms. Doe about what had happened on the bus between her and Student X during the March 2017 band trip, and it denies that Dr. VanValkenburg knew the details of the sexual encounter or what Ms. Doe had said about it, and also denies all other allegations in the third sentence of Paragraph 82.

83.     The School Board admits that Ms. Doe left the room during the banquet, and lacks information or knowledge sufficient to admit or deny the other allegations in Paragraph 83.

84.     The School Board admits only that Ms. Doe confronted Dr. VanValkenburg after the awards were given out at the banquet, and it denies all other allegations in the first sentence of Paragraph 84.  The School Board admits only that Ms. Doe was upset about Dr. VanValkenburg giving Student X an award, and it denies all other allegations in the second sentence of Paragraph 84.  The School Board admits the third sentence of Paragraph 84.  The School Board admits that Ms. Doe pressed Dr. VanValkenburg, but lacks information or knowledge sufficient to admit the allegations about what she said to him.  It denies the allegation that Dr. VanValkenburg did not have an answer for Ms. Doe.  The allegations in the fifth sentence of Paragraph 84 are also denied.

85.     Denied.

86.     The School Board denies that Ms. Doe reported a sexual assault to FCPS, and denies that she was damaged by FCPS's response to the sexual encounter that she described to school officials; it lacks information or knowledge sufficient to admit or deny the allegations in the first sentence of Paragraph 86 regarding how Ms. Doe spent her 2017 summer.  The School Board admits only that Ms. Doe resumed participation in band in August 2017, and lacks information or knowledge sufficient to admit or deny the allegations in the second sentence of Paragraph 86 regarding Ms. Doe's feelings.

87.     The School Board denies the allegations made in the first sentence of Paragraph 87 regarding the quality of FCPS's response to the sexual encounter between Ms. Doe and Student X and about Dr. VanValkenburg's treatment of Ms. Doe.  The School Board lacks information or knowledge sufficient to admit or deny the allegations about Ms. Doe's mental impressions.  The School Board admits that Ms. Doe and another student auditioned for two solo

parts in fall of 2017, and admits that the solo that Ms. Doe got was not the one she had preferred, and denies the remaining allegations in the third, fourth, and fifth sentences of Paragraph 87.

88.     Admitted.

89.     Denied.

90.     The School Board lacks information or knowledge sufficient to admit or deny the allegation made in Paragraph 90.

91.     The School Board denies each of the allegations made in Paragraph 91 and all of its subparagraphs.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Admitted.

97.     The School Board admits only that it entered into a Voluntary Resolution Agreement with OCR in 2014, and it denies all other allegations in the first sentence of Paragraph 97.  The School Board admits only that, under the Voluntary Resolution Agreement, FCPS agreed to take certain actions, which included actions regarding its sexual harassment policies, procedures and practices, and it denies the remaining allegations made in Paragraph 97.

98.     Denied.

99.     Denied.

100.    Denied.

## COUNT ONE

101.    The School Board incorporates by reference its answers to all preceding paragraphs as if set forth fully here.

102.    Denied.

103.    Denied.

104.    Paragraph 104 states a legal conclusion to which no response is required.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Paragraph 108 states a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, it is denied.

109.    The School Board denies the allegations made in Paragraph 109 and each of its subparagraphs.

110.    Denied.

111.    Denied.

112.    Denied.

## **ADDITIONAL AND AFFIRMATIVE DEFENSES**

The School Board sets forth below its affirmative and additional defenses, but does not assume the burden of proof with respect to any such defenses that it is not otherwise required to bear under applicable law or rule.

1.    The First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.    The sexual assault that Ms. Doe is now alleging as having occurred on March 8, 2017, was not caused by any conduct by Oakton High School administrators, FCPS, or the School Board.

3.      Ms. Doe did not experience any sexual harassment, nor did she become liable or vulnerable to any sexual harassment, after March 8, 2017.

4.      Ms. Doe did not experience sexual harassment, nor did she become liable or vulnerable to any continued harassment, as the result of any conduct by Oakton High School administrators, FCPS, or the School Board.

5.       Ms. Doe was not deprived of access to any educational opportunities or benefits as a result of any conduct by Oakton High School administrators, FCPS, or the School Board.

6.      Because Ms. Doe did not provide to school officials the same version of the events that she now alleges in her First Amended Complaint, her claim is barred in whole or in part by the doctrines of unclean hands and estoppel.

7.      Ms. Doe failed to mitigate her damages, if any.

8.      Ms. Doe has graduated from FCPS, so she lacks standing to seek injunctive or declaratory relief against the School Board.

The School Board reserves the right to assert additional affirmative and other defenses and/or otherwise supplement this Answer and Affirmative Defenses upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, the School Board denies any liability to Ms. Doe, denies that she is entitled to any relief, and requests that judgment be entered in the School Board's favor and that it be awarded attorneys' fees and costs, as well as any other relief the Court deems equitable and just.

Respectfully submitted,

By: _____/s/_____

Sona Rewari (VSB No. 47327)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington DC 20037
Telephone: (202) 955-1974
Facsimile: (703) 918-4018
srewari@huntonak.com

*Counsel for Defendant*
*Fairfax County School Board*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.


_____/s/_____
Sona Rewari (VSB No. 47327)