UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:18-cv-614 (LOG/MSN) |
| FAIRFAX COUNTY SCHOOL BOARD, | ) |
| Defendant. | ) |

**PLAINTIFF JANE DOE'S MEMORANDUM IN SUPPORT OF HER MOTION
IN *LIMINE* TO PRECLUDE THE TESTIMONY OF LIZA GOLD, M.D.**

The Court should preclude the testimony of Liza Gold, M.D., pursuant to Federal Rules of Evidence 403 and 702, and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). By definition, experts may not offer testimony or opinions outside the scope of their expertise, base their opinions on anything other than reliable methods, or supplant the fact-finders' role by drawing conclusions of fact and witness credibility. Dr. Gold's proposed testimony runs far afoul from these restrictions and should be precluded in its entirety, or limited significantly.

**RELEVANT FACTUAL BACKGROUND**

Defendant Fairfax County School Board ("School Board") moved to compel a Rule 35 examination of Plaintiff Jane Doe, to be conducted by Liza H. Gold, M.D., Defendant's proposed expert in this matter. *See* Dkt. #74, 92. Dr. Gold represents she has "evaluated or treated at least 600, and probably as many as 800, alleged victims of sexual assault," but only 15 to 20 of those cases involved an adolescent. Exhibit 1, Dep. of L. Gold, 42:7-19; Dkt. #67-3 ¶ 3. In support of Defendant's Rule 35 motion, Dr. Gold defined the scope of her proposed expert testimony: "I have

been retained by counsel for the [School Board] to conduct an independent psychiatric examination of the plaintiff in this case, who is identified in the lawsuit as Jane Doe. . . . I have been asked to evaluate the nature, cause and extent of Ms. Doe's claims of emotional distress and mental harm." Dkt. #67-3 at ¶ 6. On March 4, 2019, two years after the events at issue in this case, Dr. Gold met with Doe and conducted her examination for a little less than two hours.

On March 19, 2019, the School Board served Plaintiff with its disclosures pursuant to Rule 26(a)(2), which included a copy of Dr. Gold's proposed opinion testimony. Ex. 2. The report totals 24 pages, single-spaced, and shows that Dr. Gold reviewed 10 deposition transcripts and exhibits, all discovery responses, pleadings, the student declarations produced by Plaintiff (to that date, though additional declarations were produced and reviewed by Dr. Gold after the date of her report), Doe's entire education file, Doe's college admission essay, Doe's school transcript, Doe's medical records, including those records of Doe's treating mental health professionals, and miscellaneous other documents produced by the parties in this litigation. *Id.* at 3-4. Although Dr. Gold's Rule 35 evaluation was compelled by the Court over Doe's opposition, Dr. Gold told Doe "that the [Rule 35] interview was voluntary." *Id.* at 2. Based on a recitation of "facts" that are taken in the light most favorable to Defendant, Dr. Gold expresses three opinions in her report:

1. [REDACTED]


2. [REDACTED]


3. [REDACTED]

Dr. Gold presents her opinions as being held with a "reasonable degree of medical and psychiatric certainty" and being based on specific training, expertise, and academic knowledge. Aside from one general reference to the DSM-V, Dr. Gold's report does not cite any articles, resources, or academic materials.

[REDACTED]



[REDACTED]

Although Dr. Gold purports to conduct a conflict check before taking on a new case, she could not remember if she did so for this case and does not have records which could help refresh her recollection. Ex. 1 at 7:17-8:8. When conducting a conflict check, Dr. Gold attempts to ascertain "[w]hether I know the individual or someone closely associated with the individual, for example, a parent or a family member. . . . I have no way of knowing whether someone who I haven't met knows anything about one of my own patients somewhere unless it's a family member. . . . I want to make sure that I don't have a preexisting relationship with the person who's either a plaintiff or a defendant in the case . . . A preexisting relationship would include a relationship, let's say, with a parent or a sibling, they have the same last name. I might be able to identify that, or some other relevant facts." *Id.* at 8:18-10:19. Dr. Gold explained the reasons it is important to know of shared family members prior to providing testimony in a case:

> **A.** Well, it's to find out whether I know the individual or the parent or a family member. Because if I know the parent, the family member, or the individual, it's probably because they're one of my patients, which creates conflict.
>
> **Q.** Why would that create a conflict?
>
> **A.** Because if they are -- were one of my patients, then I have a lot of information, typically, about that person that might predispose me to a certain opinion one way or the other. *And when I evaluate individuals in litigation, I strive to be as objective as possible.*
>
> **Q.** And why is it important to you to make sure that you don't have information about someone that might predispose you one way or the other?
>
> **A.** *Because that could bias my opinion.*

*Id.* at 11:2-18 (emphasis added).

[REDACTED]

4

[REDACTED]

**ARGUMENT**

Dr. Gold's testimony does not meet the requirements set forth by Rule 702 or the test set by *Daubert* and its progeny. Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "[R]elevance—or what has been called 'fit'—is a precondition for the admissibility of expert testimony, in that the rules of evidence require expert opinions to assist the 'the trier of fact to understand the evidence or to determine a fact in issue.'" *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 318 (4th Cir. 2018) (citing *Daubert*). Under Rule 702, trial judges "act as gatekeepers to ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (internal quotations and citations omitted). A court, when faced with proffered expert testimony, must determine if the expert testimony (1) consists of scientific knowledge that (2) will assist the

trier of fact to understand or determine a fact in issue. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993). This gatekeeping function is critical, given the potential of expert testimony to "be both powerful and quite misleading." *Id.* at 595 (citation omitted). "The district court must exclude expert testimony related to matters which are obviously . . . within the common knowledge of the jurors." *United States v. Lespier*, 725 F.3d 437, 449 (4th Cir. 2013).

I.  **Dr. Gold's Proposed Testimony Will Not Assist the Trier of Fact to Understand or Determine a Fact in Issue.**

Rule 702 and *Daubert* require that an "expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Dr. Gold's proposed testimony will not aid the trier of fact because Dr. Gold herself admits that her "expert" testimony is something a reasonable juror is capable of understanding without guidance.

[REDACTED]

Expert testimony is not appropriate in these circumstances because it would "supplant a jury's independent exercise of common sense." *Estate of Anderson v. Strohman*, GLR-13-3167, 2016 U.S. Dist. LEXIS 97800, at *26 (D. Md. July 27, 2016) (citing *Kopf v. Skyrm*, 993 F.2d 374 (4th Cir. 1993)); *Anderson v. Home Depot U.S.A., Inc.*, No. GJH-14-2615, 2017 U.S. Dist. LEXIS

76614, at *16 (D. Md. May 16, 2017) (excluding testimony that "simply draws common-sense conclusions that jurors without his experience are equally qualified to make").

    II.    **Dr. Gold's Proposed Testimony Poses Unfair Prejudice to Plaintiff Doe and Usurps the Exclusive Function of the Jury To Determine Facts and Credibility.**

While Dr. Gold's proposed testimony reflects a common sense understanding of emotion (in Dr. Gold's own words), she adopts descriptors and terminology that suggest complexity.

[REDACTED]

"Expert testimony on a subject that is well within the bounds of a jury's ordinary experience generally has little probative value. On the other hand, the risk of unfair prejudice is real and prohibited by Rule 403. By appearing to put the expert's stamp of approval on [one party's] theory, such testimony might unduly influence the jury's own assessment of the inference that is being urged." *United States v. Gonzalez-Maldonado*, 115 F.3d 9, 18 (1st Cir. 1997). *See also United States v. Hanna*, 293 F.3d 1080, 1086-87 (9th Cir. 2002) ("The testimony, along with the district court's approval of it, posed a significant danger of misleading the jury into believing that it should judge Hanna's letters from the perspective of a highly trained Secret Service agent instead of from the perspective of an

7

average, reasonable person."); *E.E.O.C. v. Bloomberg L.P.*, 2010 U.S. Dist. LEXIS 92511, at *55 (S.D.N.Y. Aug. 31, 2010) ("The jury will have the benefit of hearing testimony from claimants, Bloomberg managers, and other Bloomberg employees and can determine based on the evidence, and with the benefit of their common sense and experience, whether the claimants suffered discrimination"). "[G]iven the potential persuasiveness of expert testimony, proffered evidence that has a greater potential to mislead than to enlighten should be excluded." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). Here, expert testimony that parrots Defendant's version of the facts or recounts evidence heard by the jury from an alleged expert perspective would be unduly prejudicial to Doe, and should be excluded.

Similarly, expert testimony cannot be used to undermine or bolster a witness's credibility. *Lespier*, 725 F.3d at 449 ("The assessment of a witness's credibility . . . is usually within the jury's exclusive purview") (internal quotations omitted); *see also Mangal v. Warden, Perry Corr. Inst.*, Civil Action No. 6:18-cv-00106-RBH, 2019 U.S. Dist. LEXIS 59710, at *16 n.17 (D.S.C. Apr. 8, 2019) (citing cases from multiple federal courts, including the Fourth Circuit, which stand for the proposition that "a psychiatrist may not testify to the credibility of a witness; that issue is one for the jury"); *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005) ("[E]xpert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible under Rule 702"). Throughout Dr. Gold's proposed testimony, she makes credibility determinations which will bolster the credibility of the School Board's witnesses. *See, e.g.* Ex. 1 at 142:6-144:6. This, too, is improper expert testimony.

### III. Dr. Gold's Testimony is Not Scientific or Reliable.

The reasons Dr. Gold's proposed testimony is unfairly prejudicial to Doe also serve to highlight how the testimony is unscientific and unreliable. Dr. Gold's testimony was limited by

the district court in Texas — and the limitation upheld by the U.S. Court of Appeals for the Fifth Circuit — for reasons similar to Plaintiff's Motion here. *See E.E.O.C. v. Boh Bros. Constr. Co., L.L.C.*, 731 F.3d 444 (5th Cir. 2013). Defendant Boh Brothers moved to exclude Dr. Gold's testimony because it would not assist the trier of fact, was not reliable, and because her proposed testimony included a recitation of the facts from an "expert" perspective, which Boh Brothers argued violated Rule 403's bar on prejudicial evidence. *See* Ex. 5, *E.E.O.C. v. Boh Bros. Constr. Co., L.L.C.*, 2:09-cv-06460-ILRL-JCW, Doc. No. 27-1, Def. Mem. in Supp. of Mot. in Limine (E.D. La. Feb. 1, 2011). Dr. Gold's report "provide[d] an exhaustive review of [the plaintiff's] version of events as the basis for her opinion." *Id.* at 3. The court granted defendant's motion in part, prohibiting Dr. Gold from sharing her version of the facts of the case under the guise of expert testimony. "[T]he district court held that Dr. Gold could testify regarding sexual harassment studies from a psychological perspective but could not offer any opinions regarding the specific facts of the case." *Boh Bros.*, 731 F.3d at 459 n.14.

Here, Dr. Gold's proposed testimony simply is a longer version of the School Board's Statement of Undisputed Facts from the briefing on summary judgment, yet without citations and full of unsupported, unwarranted inferences and conclusions. Dr. Gold's "opinions" relate more to her version of what happened in this case — the clear, exclusive role of the jury to determine credibility and facts — than they are reflective of a scientific or reliable expertise. Attempting to qualify a factual recounting as an "expert opinion" improperly places Defendant's perspective of the facts on a pedestal, without any benefit to Defendant's purported purpose of offering Dr. Gold's testimony in the first place: a psychiatrist's perspective of Doe's emotional harm. By way of example, the following factual conclusions have no relationship whatsoever to Dr. Gold's

9

"psychiatric opinions regarding Ms. Doe's claims of psychiatric injury" and no grounding in reliable principles or methods:

- [REDACTED]

- [REDACTED]

- [REDACTED]

- [REDACTED]

What's more, if Dr. Gold discusses a fact that is unhelpful to the School Board, she calls it subjective; if it supports a proposition the School Board wishes to promote, it is objective. [REDACTED]

10

Doe's testimony, her parents' testimony, students at Oakton High School's testimony, and multiple FCPS teachers' testimony (Dr. VanValkenburg and Molly Brady, as examples) all state that they observed an impairment in Doe's functioning. An expert witness is not permitted to tell the jury that evidence in the record should be discredited as subjective (from her "expert" perspective) just because it cuts against the party that hired her. Expert testimony is inappropriate when, as here, the "proposed testimony does no more than [defendant's] counsel will do in arguing their case to the jury." *Rowe Entm't v. William Morris Agency*, 2003 U.S. Dist. LEXIS 17623, at *35 (S.D.N.Y. Oct. 2, 2003).

Another obvious example of how Dr. Gold's testimony is unreliable and falls outside of her expertise is Dr. Gold's reference to Doe's treating counselors' notes in her report. As a psychiatrist, Dr. Gold should be able to name the symptoms associated with Doe's counselors' diagnoses and potentially critique why, from her perspective, they are unsupported based on her observations of Doe, which was the purported reason for her Court-ordered examination of Doe.

[REDACTED]

[REDACTED]

*Id.*; *see McEwen v. Balt. Wash. Med. Ctr. Inc.*, 404 F. App'x. 789 (4th Cir. 2010) (district court properly excluded expert opinion of two doctors where their reports failed to rely on relevant medical literature and failed to account for literature supporting a conclusion opposite to theirs). While in certain circumstances, an expert may rely on their experience alone and need not cite sources or articles, experts need to "identify any principles or methods that [were] applied when developing their opinions." *Estate of Anderson*, 2016 U.S. Dist. LEXIS at *25. Dr. Gold's report fails to show how her opinions are the result of a scientific study or consistent with a technical knowledge that would assist the trier of fact to understand the case.

### IV. Dr. Gold Should Be Prohibited From Testifying Because She Maintains a Conflict.

Dr. Gold should be excluded from trial because, by her standards, she has a conflict that would have prohibited her from serving as an expert in the first place.

---

[1] This assumption has no grounding in scientific or reliable principles and comes with obvious counter assumptions. [REDACTED]

[REDACTED]

Dr. Gold testified that a conflict exists when she has examined a family member of a potential client, because "I have a lot of information, typically, about that person that might predispose me to a certain opinion one way or the other. And when I evaluate individuals in litigation, I strive to be as objective as possible . . . and [it] could bias my opinion." Ex. 2 at 11:2-18.

[REDACTED]

## CONCLUSION

For the aforementioned reasons, Dr. Gold's proposed testimony fails to meet the requirements of the Federal Rules of Evidence and *Daubert*, and should be excluded.

Date: June 25, 2019                                    Respectfully submitted,

ATES LAW FIRM, P.C.

*/s/ John R. Ates*_____
John R. Ates (VSB #71697)
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
703-647-7501 (tel)
703-229-6430 (fax)
j.ates@ateslaw.com

PUBLIC JUSTICE, P.C.

*/s/ Adele P. Kimmel*_____
Adele P. Kimmel (admitted *pro hac vice*)
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600 (tel)
(202) 232-7203 (fax)
akimmel@publicjustice.net

CORREIA & PUTH, PLLC

*/s/ Linda M. Correia*_____
Linda M. Correia (admitted *pro hac vice*)
Lauren A. Khouri (admitted *pro hac vice*)
1400 16th Street NW, Suite 450
Washington, D.C. 20036
(202) 602-6500 (tel)
(202) 602-6501 (fax)
lcorreia@correiaputh.com
lkhouri@correiaputh.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 25, 2019, I filed the foregoing using the CM/ECF system, which will send electronic notice of this filing to Defendant's counsel of record:

Sona Rewari
Andrea Calem
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
srewari@hunton.com
ACalem@hunton.com
*Counsel for Defendant*

              */s/ John R. Ates*_____
              John R. Ates (VSB #71697)
              1800 Diagonal Road, Suite 600
              Alexandria, Virginia 22314
              703-647-7501 (tel)
              703-229-6430 (fax)
              j.ates@ateslaw.com