**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-614 (LOG/MSN) |
| ) | |
| FAIRFAX COUNTY SCHOOL BOARD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL RECONSIDERATION OF HER MOTION IN *LIMINE***

After a year of litigation Defendant Fairfax County School Board ("School Board") takes

a sharp turn and presents a new and diametrically opposed position regarding Jack Smith's actions

unknown by the school in March 2017: that evidence of Smith's sending of explicit photographs

to Plaintiff Jane Doe is probative of the school's liability.  Dkt. #239; Ex. 1, excerpts from Tr. July

19, 2019 Hearing at 30-31.  The School Board mischaracterizes the record and Doe's testimony

by presenting Smith's sending of lewd pictures to Doe, and his reputation for sending such pictures

to other students, as "sexting," and by suggesting, without record evidence, that the lewd pictures

were mutually exchanged. *See* Ex. 1 at 31 ("they were exchanging sexually explicit e-mails or text

messages").

Although the School Board first moved to preclude this information as not relevant and

unfairly prejudicial under FRE 403 (a position with which Plaintiff agreed), the School Board then

withdrew its related motion *in limine*, Dkt. #239.  It also informed the Court that Smith, too, would

reverse course at trial and elect to testify regarding his sending of lewd pictures to Doe, rather than

invoking his rights under the Fifth Amendment as he did at his deposition taken in this case.

After the Court prohibited Smith from backing off his already-asserted Fifth Amendment rights via an Order entered after the hearing (Dkt. #242), the School Board changed positions again: it now claims that the Court should preclude Doe from asking Smith any questions that would require him to invoke his Fifth Amendment rights, but apparently allow Smith to testify, without cross-examination, regarding Doe's behavior. *See* Dkt #244 at 61, n.65.

Due to the School Board changing its position again on the eve of trial, Plaintiff moves for reconsideration of her motion *in limine* to preclude evidence of facts unknown to the School Board during its investigation and decision in March 2017, including as it applies to "sexting." Moreover, most notably, it is now clear from the parties' proposed jury instructions that the prior friendship between Doe and Smith, inclusive of Smith sending of explicit photographs and Doe's response, is not relevant to any element of Doe's Title IX claim. That is, even under Defendant's proposed jury instructions on the issue of whether Doe has to prove an assault occurred, Doe and Smith's prior history is not relevant.[1]   *See* Dkt #244 at Instruction LL.   Any slight probative value of the evidence, if there is any at all, is significantly outweighed by unfair prejudice. For these reasons, Plaintiff respectfully requests that evidence related to "sexting," outlined in detail below, be precluded from trial along with the other matters that did not constitute the "known circumstances" in March and April 2017.

---

[1]     Plaintiff believes that the correct statement of the law is that she needs to show Defendant had actual notice of the alleged sexual assault to secure the protection of Title IX. But that point will be hashed out in the debate over the jury instructions. The point here is simply that, even under Defendant's proposed instructions, the background evidence of the friendship between Doe and Smith is not relevant to the Title IX claim. There is no subjective component to a Title IX claim.

## RELEVANT BACKGROUND

On June 28, 2019, the parties filed motions *in limine* to preclude evidence at trial. Plaintiff filed a motion to preclude facts unknown to the School Board in March 2017, on the grounds that Defendant should not benefit from hindsight and use information it did not know at the time to prove that its contemporaneous actions were not clearly unreasonable in light of the known circumstances. *See* Dkt. #180-181. Plaintiff moved to preclude any information outside of what is considered the school's "known circumstances" at the time, specifically mentioning two facts from Defendant's summary judgment briefing: (1) Doe knew Smith for "pretty much [her] entire life" and "she had been romantically interested [in Smith] a couple of years earlier" and (2) before the March 8, 2017 assault, "Doe had asked Smith to help her with her A.P. Physics class, and Smith did. Earlier in the same academic year, Smith escorted Doe to Oakton's Homecoming. Smith did nothing inappropriate toward Doe on those occasions." Dkt. #148 ¶¶ 12-13. The School Board opposed Plaintiff's motion, stating that information related to prior, friendly interactions between Doe and Smith—even those years' old interactions—was relevant evidence of Doe's credibility and damages and should be presented to the jury. Dkt. #195.

Then, in the same breath, Defendant moved to preclude alleged "sexting" between Doe and Smith because it "occurred during a prior school year, and Doe admits that she did not complain about it to any School Board employee, or even to Smith himself." Dkt #191 at 9. Plaintiff noted the disconnect between Defendant's positions and indicated that that she did not oppose Defendant's motion *in limine*, but also argued that other background information should be precluded on the same grounds and because Defendant should not be able to cherry-pick what background information could come in or be precluded. Dkt. #202. All of Doe and Smith's prior interactions, including Smith's pre-March 2017 proclivity for sending her and other students

pictures of his penis, may have been properly excluded because the school did not know about them at the time. Still, the School Board doubled down on its request to preclude "sexting" based on the grounds that Doe did not report it to the school and arguing that the inability of the parties to access documentary evidence (because the pictures were exchanged via SnapChat, a platform which automatically deletes information once it is received) caused unfair prejudice to the School Board. Dkt. #218 at 10.

After committing to attempt to resolve the dispute between the parties' corresponding motions, Plaintiff sent correspondence to Defendant outlining a proposal. Because certain information was unknown to the School Board at the time, and Smith invoked his right to not answer certain questions during his deposition, Plaintiff agreed to redact part of a document received by the School Board in March 2017 (a clear example of a "known circumstance") as a compromise to ensure that the door remained closed on this issue. Plaintiff's suggestion was contingent upon the parties reaching agreement on a set of facts that captured the prior friendship between Doe and Smith without running afoul of the balancing test required by Rule 403. Dkt. #239-2. The correspondence included all facts available in the discovery record which, from Plaintiff's best understanding, reflect Doe and Smith's prior positive interactions:

- Any reference to Smith's picture sending proclivities to other students, by Doe or through other student testimony;[2]
- Doe's experience having received nude pictures from Smith, and her responses to those texts;

---

[2]     Dkt. #160-4 at ¶ 11 ("Multiple female Oakton students have told me that Jack Smith sent them naked pictures of himself through SnapChat"); 160-16 at ¶¶13, 16 ("Before the Indianapolis band trip, Doe told me that Smith would send her unsolicited nude pictures and she repeatedly expressed to me that she did not want to receive those pictures and that she was not interested in him in a romantic way. . . . I was shocked when I learned that Smith continued to send unsolicited nude pictures to girls after the March 2017 Indianapolis trip. He did not learn his lesson."); #160-17 ("[When I learned about what happened between Doe and Smith,] I was shocked and upset. I knew that Smith had a problem with unwanted sexual harassment through SnapChat, but I was shocked and upset that it became physical against one of my friends.").

- Doe's text message to A.K. regarding her mother's understanding of Smith's "sexting" and any other information regarding Doe's or her mother's reaction to the "sexting";
- Doe's years' earlier "crush" on Smith or any other reference, inference or allusion that Doe was romantically interested in Smith;
- Doe and Smith attending homecoming together in the fall of 2016;
- Smith's assistance of Doe's academic studies for physics class; and
- Reference to Smith's "sexual harassment" via SnapChat in an email sent to the School Board in March 2017.

*Id.* Instead of responding, the School Board withdrew its motion *in limine*.

Two days later, counsel for Defendant represented in a hearing on the issue that Jack Smith did not intend to invoke his Fifth Amendment right at trial and presented argument which reflected the exact inverse of its argument before the Court when it moved *in limine* to preclude sexting. Ex. 1, at 27-32. Later that day, the Court precluded Smith from testifying about those issues to which he pled the Fifth during discovery. Dkt. #242 (July 19, 2019 Order).

The School Board's most recent position (and the impetus for this motion) came by way of its proposed jury instructions filed July 22, 2019:

> The School Board objects to any questioning of Jack Smith by Plaintiff's counsel that would elicit his invocation of his Fifth Amendment privilege against self-incrimination. This limiting instruction is requested in the event the objection is overruled or Mr. Smith is otherwise forced to invoke the privilege in the presence of the jury.

Dkt. #244 at 61, n.65. Practically, this means Smith can say whatever he wishes regarding Doe's behavior and not be cross examined on his.

Lastly, it is worth note that Smith, too, has a spoliation issue. Plaintiff issued a subpoena dated December 19, 2018 to Jack Smith for documents related to this case, communications with the school around the March 2017 incident and the filing of the lawsuit, and documents related to accusations or allegations of misconduct by Smith. Smith responded to every request but one by stating he did not have responsive documents. For the one request to which he responded

differently, Smith asserted an objection for relevance, but still responded: "[n]otwithstanding this objection, there are no documents." *See* Dkt. #130-1 (Subpoena), #130-2 (Smith response).

Smith sat for his deposition on March 11, 2019. Smith "explained that he had previously reviewed his cell phone message logs, photographs, social media accounts, and emails to comply with the December 19, 201[8] subpoena *duces tecum*" and "testified that he recently upgraded his phone and is no longer in possession of the phone he had at the time of this [March 2017] incident." *See* Dkt. #123 at 1-2. He also testified about documents that existed and should have been produced in response to the subpoena but were not, and that he believed those documents were destroyed when he wiped his phone of all its data *the day before his deposition*. Dkt. #136 at 1-3. Those documents were unable to be recovered, despite Plaintiff's efforts to subpoena the phone immediately after the deposition. *See* Dkt. #120-137 (briefing on subpoena for Smith's phone and Court order).

## ARGUMENT

Testimony regarding Smith's sending of explicit photographs to Doe and other students should be precluded for the multiple reasons captured in Defendant's own briefing, up to and most importantly its newly-minted position reflected in the School Board's proposed jury instructions. The School Board states that it will object to any questioning of Smith which would elicit his invocation of his rights under the Fifth Amendment, Dkt. #244 61 n.65, which leaves Smith to testify regarding Doe's actions without cross-examination regarding his. Moreover, Defendant stated to the Court that it would not examine Doe about the nude pictures Smith sent her, but Defendant appears now to want to elicit testimony from Doe or Smith about Doe's response to Smith's sending of the pictures that Defendant's counsel insists she does not know happened. Ex. 2 at 34 ("THE COURT: So let me get your position. Are you going to in cross-examination go

into the fact that she had received texts from Smith which included his genitals or whatever?  MS. REWARI: Certainly not, no, because I don't know that it happened.").  This is a poster child of unfair prejudice to Doe, particularly when Defendant seeks to paint an inaccurate, highly inflammatory picture without any basis in the record before the Court.[3]

    First, as noted above, the prior friendship and interactions between Doe and Smith are not relevant to a single element in Defendant's proposed jury instructions.  *See* See Dkt #244 at Instruction LL and Instruction VV.  This is contrary to Defendant's counsel stating at the hearing, in effect, that welcomeness was an issue in the case to prove sexual harassment.  Ex. 1 at 30-31 ("And evidence that they had this prior romantic interest, they had this flirtation, they were exchanging sexually explicit e-mails or text messages, goes to that question of was he harassing her.").  It would be a mistake here to import a Title VII hostile work environment standard—where a plaintiff must prove unwelcomeness—to Title IX.  The remedy in a Title IX case is about the interference with a student's education: a school's deliberate indifference to actual notice of an alleged sexual assault.  Counsel for the School Board agreed: "This is a Title IX case.  This is not a case against [Smith].  It's against what was the school system's response." Ex. 2 (Tr. of July 12, 2019 Hearing) at 33:23-34:18.  Under Title VII, where "welcomeness" is an issue in hostile work

---

[3] The Court's exchange with counsel for Defendant on this issue highlights how little probative value this evidence has and how unfairly prejudicial it may be to Doe as a side show on non-relevant topics:
THE COURT: Why? Why? I really am struggling with that because what I just said, you can have -- you could have been friends for ten years and had been together socially, been together in assisting each other in homework, and then if somebody assaults the other person, none of that matters.
MS. REWARI: And I understand your point. And we're not saying this activity then shows it was, you know – that this was not an assault. But the sexting piece, for example, does go to the questioning of what happened on the bus because -- you know, the statement that she wrote makes it sound like he followed her on the bus and didn't -- you know, that they hadn't arranged it. They arranged to sit together."

environment cases, the remedy is for the harassment itself through agency principles inapplicable to Title IX. *See, e.g., Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998). Sexual harassment cases under Title VII have a subjective and objective element because the claim may import an employee's actions on an employer without examining the employer's response. Under Title IX, it is the exact opposite. The remedy is for the school's deliberate indifference; a jury cannot hold a school liable for the actions of its students or employees without finding that the school acted in a matter which was clearly unreasonable in light of the known circumstances. The question of consent or unwelcomeness is of no probative value to Plaintiff's assertions that she was sexually assaulted and information of a potential sexual assault was reported to the school. The focus of the jury is on the School Board's actual notice of objectively offensive sexual acts and its response, where unknown background interactions between Doe and Smith are irrelevant. The School Board itself argued this position to the court in this case within the last few weeks.

Second, the facts of this case do not support allowing their prior interactions into evidence. The School Board argued that "evidence that they had this prior romantic interest, they had this flirtation, they were exchanging sexually explicit e-mails or text messages," goes to whether or not Doe was sexually assaulted. Ex. 1 at 30-31. Yet, not even Jack Smith saw any SnapChat exchanges as evidence that Doe was romantically or sexually interested in him. *See* Ex. 3 at 78:9-81:6; Fed. R. Evid. 412. In the brief period of time since the School Board's change in position, Defendant has made it clear that it seeks to use this evidence to try a sexual assault case against Jack Smith, not a case against the School Board. Counsel for Defendant asked Doe's treating therapist the following questions during her deposition today: Were you aware that Ms. Doe and Mr. Smith had a preexisting relationship?; Were you aware that Ms. Doe and Mr. Smith engaged

in sexting?; Were you aware that Ms. Doe did not report the sexting even after the alleged assault?; Were you aware that Ms. Doe admitted to flirting with him just prior to the sexual assault?; Does any of that change your opinion about the causation of Ms. Doe's adjustment disorder?; Is it possible Ms. Doe was untruthful?; Is it possible that she is misinterpreting what happened?[4]

These factually inaccurate[5] and offensive suggestions by the School Board are highly prejudicial to Doe standing alone; a prejudice that is aggravated by the fact that Doe and Smith's prior interactions had no connection to the School Board's response to the reports of sexual assault. The School Board has not (and cannot) cite to any witness testimony or contemporaneous document mentioning how Smith's sending or Doe's receiving of pictures (or Smith and Doe going to homecoming) influenced its decision in the March of 2017. It simply did not know about these facts. The unfair prejudice is compounded by the School Board's new position (via its objections in its proposed jury instructions) that Smith can testify about those interactions, but without cross-examination on any issue on which he would assert his Fifth Amendment rights.

Lastly, Plaintiff's proposal to Defendant, Dkt. #239-2, balances Rule 403 by allowing evidence of prior interactions but prohibiting an unfairly prejudicial side show which has very little probative value, if any at all. If the Court adopted Plaintiff's proposal (or a version of such

---

[4]     The School Board conducted Ms. Harlow's deposition today, July 25, and therefore, Plaintiff does not have the completed transcript. The questions are quotes from Plaintiff's counsel's notes and the stenographer's rough draft of the transcript, but out of an abundance of caution, Plaintiff does not use quotation marks to capture counsel for Defendant's questions. Plaintiff will supplement her exhibits with the transcript as soon as she receives it.

[5]     Defendant cannot cite to any discovery to support the suggestion that "Doe admitted to flirting with Smith just prior to the sexual assault" and it knows what stating "Ms. Doe and Mr. Smith engaged in sexting" implies about Doe's behavior. Simply posing the question would mislead any person with an understanding of "sexting"—i.e. a juror—to mistakenly believe that Doe was sending sexually explicit material to Smith. Again, Defendant cannot cite to any information to suggest that is true and should not be allowed to stand up during opening statements and poison a jury with inflammatory, unsupported remarks.

limitations), Defendant could present facts to show a prior positive interaction between Smith and Doe without the need for both parties to dig into what witnesses knew of their prior interactions, when they learned the information, and information regarding Smith's similar SnapChat proclivities with other girls like Doe.  It is a confusing and unfairly prejudicial distraction that will only serve to pull the jury's focus away from the ultimate question: the School Board's actions or inactions in light of the known circumstances.  Information regarding Smith sending of explicit photographs and Doe's response, as well as Doe's and Smith's prior friendship, should be precluded from trial.

## **CONCLUSION**

In light of Defendant's repeatedly changing positions on the eve of trial, this Court should reconsider the issues surrounding regarding the above issues and preclude any mention, argument or regarding the above.  Plaintiff respectfully asks the Court to reexamine this issue prior to trial on Monday, July 29, 2019, or prior to that if the Court so instructs.

Date: July 25, 2019                    Respectfully submitted,

                                       ATES LAW FIRM, P.C.

                                         */s/ John R. Ates*
                                       John R. Ates (VSB #71697)
                                       1800 Diagonal Road, Suite 600
                                       Alexandria, Virginia 22314
                                       703-647-7501 (tel)
                                       703-229-6430 (fax)
                                       j.ates@ateslaw.com

                                       PUBLIC JUSTICE, P.C.

                                         */s/ Adele P. Kimmel*
                                       Adele P. Kimmel (admitted *pro hac vice*)
                                       1620 L Street NW, Suite 630
                                       Washington, D.C. 20036
                                       (202) 797-8600 (tel)
                                       (202) 232-7203 (fax)

akimmel@publicjustice.net

CORREIA & PUTH, PLLC

    /s/ Linda M. Correia
Linda M. Correia (admitted *pro hac vice*)
Lauren A. Khouri (admitted *pro hac vice*)
1400 16th Street NW, Suite 450
Washington, D.C. 20036
 (202) 602-6500 (tel)
 (202) 602-6501 (fax)
lcorreia@correiaputh.com
lkhouri@correiaputh.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2019, I served the foregoing with the Court's CM/ECF system, which will send electronic notice of the filing to counsel of record:

Sona Rewari
Stuart Raphael
Andrea Calem
Hunton Andrews Kurth LLP
8405 Greensboro Drive, Suite 140
Tysons Corner, VA 22102
srewari@huntonak.com
acalem@huntonak.com
sraphael@huntonak.com
*Counsel for Defendant*

                    /s/ John R. Ates
                    John R. Ates (VSB #71697)
                    *Counsel for Plaintiff*