IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>FAIRFAX COUNTY SCHOOL BOARD, )<br>)<br>*Defendant.* )<br>) | Case No. 1:18-cv-614 |

## ORDER

This matter comes before the Court on Defendant's Motion for Approval Before Opening Statements of Proposed Jury Instructions JJ, KK, and LL, Dkt. 265, and Plaintiff's Motion for Reconsideration of Her Motion in Limine. Dkt. 268.

Subject to further argument, the Court preliminarily orders Defendant's Motion for Approval Before Opening Statements of Proposed Jury Instructions JJ, KK, and LL, Dkt. 265, is **GRANTED IN PART AND DENIED IN PART.** The Court believes the instructions proper, and they may be used in opening statements subject to one change. The third paragraph of Instruction LL will be modified to state

> Second: Mr. Smith's conduct during the March 8 incident was so severe, pervasive, and offensive to a reasonable person <u>of the same sex</u> that it effectively deprived Ms. Doe of equal access to the educational opportunities or benefits provided by the School Board;

(alteration emphasized) in order to follow O'Malley's model instruction § 177:21.

Also subject to further argument, the Court preliminarily orders Plaintiff's Motion for Reconsideration of Her Motion in Limine, Dkt. 268, is **GRANTED IN PART AND DENIED**

**IN PART.** The Court is convinced that evidence of Jack Smith's sexting is insufficiently probative to overcome its prejudicial effect under Federal Rule of Evidence 403. Furthermore, now that the Court better understands no images exist, and the evidence of the photos in part is based on hearsay it finds these references to sexting inadmissible. This applies to any reference to sexting, including those made by expert witnesses. It also excludes Plaintiff's Exhibit 25, because that email, originally sent to a person affiliated with Fairfax County Schools not involved in the investigation, did not provide sufficient information that would allow Defendant to promptly consider it for purposes of the investigation, is replete with hearsay, and its probative value is outweighed by its prejudice.

The Court finds that certain aspects of Jane Doe and Jack Smith's relationship before the alleged sexual assault relevant, but not their entire relationship history. Thus, no evidence of their relationship from before approximately six months prior to the alleged sexual assault will be admitted. The Court believes the proposal made by Plaintiff in her July 16, 2019 letter to defense counsel, Dkt. 239, Ex. 2, draws the near proper balance of what is and is not relevant regarding Doe and Smith's prior relationship, but would allow evidence about Jane Doe and Jack Smith attending Homecoming together and Jack Smith helping Jane Doe with physics class.

The Court will hear further argument on these motions July 29, 2019 at 9:00 a.m. and may modify this preliminary order at that time.

It is **SO ORDERED.**

July 26, 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge