**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-614 (LOG/MSN) |
| FAIRFAX COUNTY SCHOOL BOARD, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S PROPOSED RESPONSE**
**TO JURY INQUIRY REGARDING "ACTUAL KNOWLEDGE"**

After significant deliberation, the jury has asked two questions regarding the "actual knowledge" prong of Plaintiff's Title IX claim. The questions reflect a critical inquiry: did the School Board need to have knowledge of events which were conclusively sexual harassment, or did the School Board need to have knowledge of allegations of sexual harassment. The answer is that Plaintiff must prove, by a preponderance of the evidence, that the School Board had knowledge of allegations of sexual harassment. The reasons are addressed below.

A school has "actual knowledge" if an appropriate authority receives a report of sexual harassment. *See Doe v. Galster*, 768 F.3d 611, 614 (7th Cir. 2014) ("To have actual knowledge of an incident, school officials must have witnessed it *or received a report of it*.") (emphasis added); *Vance v. Spencer Cty. Pub. Sch. Dist.*, 231 F.3d 253, 259 (6th Cir. 2000) (actual knowledge undisputed when plaintiff and mother reported harassment to school officials, filed complaint with Title IX coordinator); *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1247 (10th Cir. 1999) (actual knowledge undisputed when assault was reported); *Soper v. Hoben,* 195 F.3d 845, 855 (6th Cir. 1999) (same); *Weckhorst v. Kansas State Univ.*, 241 F. Supp. 3d 1154, 1165 (D. Kan. 2017)

(same); *Montgomery v. Indep. Sch. Dist. No. 709*, 109 F. Supp. 2d 1081, 1095 (D. Minn. 2000) (actual knowledge undisputed when plaintiff reported several harassing incidents to various school officials); *Morlock v. W. Cent. Educ. Dist.*, 46 F. Supp. 2d 892, 908 (D. Minn. 1999) (same).

First, if "actual knowledge" meant knowledge of conclusive, definitive sexual harassment, there would be no need for the deliberate indifference element of Title IX claims. Courts do not inquire into the credibility of the sexual harassment report when evaluating the knowledge prong. A mere allegation triggers the school's duty to investigate, determine credibility, and take other remedial actions.

> The Defendants' argument that it was not indifferent to "known" acts of harassment because the allegations were never substantiated is unavailing and circular. First, the tenor of the required proof the district seemed to require was nothing short of a signed confession or video tape of the alleged assault or the subsequent harassment. Next, a school cannot conduct a sub-par investigation and then claim that it did not know about harassment because its investigation did not turn up proof beyond peradventure to support the charges. Indeed, Title IX imposes many duties on a school that must occur before a final investigation substantiates a complaint. Courts consider whether acts of harassment were "known" for the purpose of determining whether the school was on notice that there was a potential issue. Thus, if no one complains, a school is not liable. However, once complaints are lodged, the school's duties under Title IX are triggered. Forest Hills cannot escape liability due to its inability to conclusively substantiate Doe's complaint to avoid its Title IX duties.

*Doe v. Forest Hills Sch. Dist.*, No. 1:13-cv-428, 2015 U.S. Dist. LEXIS 175321, at *34-35 (W.D. Mich. Mar. 31, 2015). *See also T.C. ex rel. S.C. v. Metro. Gov'' of Nashville & Davidson Cty.*, No. 3:17-CV-01098, 2018 U.S. Dist. LEXIS 113517, at *20 (M.D. Tenn. July 9, 2018) ("A school cannot turn a blind eye to student-to-student behavior or conduct sub-par investigations and claim that the harassment was unknown."); *J.M. v. Hilldale Indep. Sch. Dist. No. 1-29*, 397 F. App'x 445, 453 (10th Cir. 2010) (Hilldale's assertions—that Riddle did not believe Pembrook's allegations—are insufficient alone to establish that the district did not have actual notice.").

The examples repeatedly used by counsel for Defendant show why this is true. If a school receives a third-party report of sexual assault and the school asks the two parties who were reported to be involved, and both deny anything happened, a school would have actual knowledge, but it would not be deliberately indifferent because its actions were reasonable: the school promptly asked those involved about the allegations and discovered that the report was false. Although *Gebser* makes clear that "actual notice requires more than a simple report of inappropriate conduct by a teacher . . . the actual notice standard does not set the bar so high that a school district is not put on notice until it receives a clearly credible report of sexual abuse from the plaintiff-student." *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1154 (10th Cir. 2006). *See also Doe v. Sch. Bd.*, 604 F.3d 1248, 1257 (11th Cir. 2010) ("we have held in a Title IX student-on-student harassment case that the plaintiff sufficiently alleged actual notice where the primary substance of that notice differed significantly from the circumstances of the plaintiff's harassment").

The School Board is wrong to continue its suggestion that *Baynard* mandates a school must know allegations are "actual harassment" before it has "actual knowledge." *Baynard* simply did not hold that "actual knowledge" equates to proof of "actual harassment." In *Baynard*, the Fourth Circuit found that the substance of what the principal "knew—that the teacher in question had abused a student in the past and that the teacher had been in ambiguous physical contact with the plaintiff—was not actual notice sufficient to impose liability under Title IX." *Rasnick v. Dickenson Cty. Sch. Bd.*, 333 F. Supp. 2d 560, 566 (W.D. Va. 2004) (citing *Baynard*). The Court's inquiry regarded how closely related the current allegations of harassment were to the harassment that occurred, considering whether the school had an ability to know of a current problem when the current allegations were vague and the school had knowledge of stale allegations of misconduct

from years ago. *Baynard* rejected the use of constructive notice, but in no way did it cabin Title IX claims to only those which *begin* with proven issues of sexual harassment. The *Baynard* court said so clearly:

> We agree with the district court that no rational jury could find the *Gebser* standard satisfied here. In the first place, no rational jury could conclude that Malone—the relevant official for purposes of the ACSB's liability under Title IX—had actual notice[1] that Lawson was abusing one of his students.
> . . .
> We note that a Title IX plaintiff is not required to demonstrate actual knowledge that a particular student was being abused. We believe that the actual notice requirement could have been satisfied, for example, if Malone had had actual knowledge that Lawson was currently abusing one of his students, even without any indication of which student was being abused.

*Baynard v. Malone*, 268 F.3d 228, 238, n.9 (4th Cir. 2001).

We are light-years apart from Defendant's misreading of *Baynard*. Multiple courts that cite *Baynard* agree that information or a compilation of information about an event which may constitute sexual harassment meets a plaintiff's burden of "actual knowledge" to the school board.

> Plaintiff instead alleges that, prior to Defendant Herre-Bagwell's alleged harassment and abuse of Plaintiff, Defendant Herre-Bagwell "engaged in similar acts and conduct directed toward other students," and that Defendants had notice of "inappropriate conduct" by Defendant Herre-Bagwell. Compl. 4 (Doc. 1). Such allegations are sufficient to survive a motion to dismiss with respect to the actual notice requirement of a Title IX claim.

*G.S. v. Sch. Dist. of Monessen*, Civil Action No. 11-1643, 2012 U.S. Dist. LEXIS 53624, at *11-12 (W.D. Pa. Apr. 17, 2012). *See also Warren v. Reading Sch. Dist.*, 278 F.3d 163, 173 (3d Cir. 2002) (finding actual knowledge where "Mercado's testimony alone would support a jury finding that Sepulveda had been told that a teacher in her elementary school

---

[1] Even the *Baynard* court uses "actual knowledge" and "actual notice" interchangeably.

was taking a student to that teacher's home, and paying the student to engage in physical activity consisting of "lifting up and down").

Importantly, the Fourth Circuit sitting *en banc* in *Jennings v. University of North Carolina* made it abundantly clear that a school's knowledge of allegations of wrongful conduct is sufficient to meet the actual knowledge prong of a Title IX claim. In *Jennings*, the plaintiff reported sexual harassment to the school's legal counsel. The complaints were merely allegations, because like most cases, the complaints started with one person sharing her as yet uncorroborated perspective of harassing behavior. The *en banc* Fourth Circuit found that the plaintiff's compilation of information reported to appropriate school officials established actual knowledge.

> [Jennings] lodged a complaint in a meeting with Susan Ehringhaus, legal counsel to the University and Assistant to the Chancellor. Jennings "gave [Ehringhaus] a [complete] run-down" about Dorrance's persistence in talking about players' sex lives when the team was assembled for practice or other activities. She reported her feelings of humiliation and discomfort.
> . . .
> Jennings's evidence would allow a jury to find that Ehringhaus had actual knowledge of Dorrance's misconduct.

*Jennings v. Univ. of N.C.*, 482 F.3d 686, 693-94, 702 (4th Cir. 2007).

Here, Plaintiff clearly meets this actual knowledge test via various reports about the bus incident. It is worth note, the question of "actual knowledge" should not be a challenging one for the jury in this case. Neither Defendant's summary judgment motion nor its JMOL motion included the argument that Plaintiff Doe failed to establish actual knowledge. Victoria Staub testified that she told appropriate person Assistant Principal Michelle Taylor, "[Jack Smith] put his hands down her pants and up her shirt, and she had removed his hands from her body, and then he kept putting them back on her, and he forced her to put her hands on him and pleasure him until he ejaculated into the blanket, and he penetrated her with his fingers." Trial Tr. at 96:17- 97:1. Teacher Laura Kelley reported "forced hand stuff" to Wally Baranyk, the top Security Officer at

5

her school, who then spoke to Assistant Principal Taylor. Aveesh Kachroo testified he reported a sexual assault to Baranyk. Assistant Principal Taylor testified that she and Baranyk spoke Friday afternoon after she received calls and notice of a "potential sex act" on the bus. Appropriate person Assistant Principal Taylor testified she understood from the report that Doe really did not want to do it and that she relayed this information to Prinipcal Banbury. *Id*. at 593:1-594:15. Appropriate person Assistant Principal Hogan testified that Jane Doe told her directly "I don't think it was consensual" when asked about Smith's actions. *Id.* at 918:21-919:1; Pl Ex. 18.

These are not the vague contentions that *Baynard* sought to eliminate from Title IX claims; in fact, the evidence in this case is exactly what *Baynard* sought to find: allegations specific enough to show a school it may have a current problem. With such explicit evidence of knowledge— evidence which would support finding knowledge as a matter of law—the fact that the jury has asked two questions on "actual knowledge" is sign enough that the jury needs to be explicitly informed that knowledge of an allegation is sufficient. They also should be told that the compilation of information about the event on the bus may establish knowledge. It is for these reasons, Plaintiff respectfully requests the Court give the jury a clear response regarding actual knowledge of an allegation, or in the jury's words, a compilation of information, not a conclusion.

Date: August 9, 2019                          Respectfully submitted,

                                                        ATES LAW FIRM, P.C.

                                                          */s/ John R. Ates*
                                                        John R. Ates (VSB #71697)
                                                        1800 Diagonal Road, Suite 600
                                                        Alexandria, Virginia 22314
                                                        703-647-7501 (tel)
                                                        703-229-6430 (fax)
                                                        j.ates@ateslaw.com

                                                        PUBLIC JUSTICE, P.C.

      /s/ Adele P. Kimmel
Adele P. Kimmel (admitted *pro hac vice*)
1620 L Street NW, Suite 630
Washington, D.C. 20036
(202) 797-8600 (tel)
(202) 232-7203 (fax)
akimmel@publicjustice.net

CORREIA & PUTH, PLLC

      /s/ Linda M. Correia
Linda M. Correia (admitted *pro hac vice*)
Lauren A. Khouri (admitted *pro hac vice*)
1400 16th Street NW, Suite 450
Washington, D.C. 20036
(202) 602-6500 (tel)
(202) 602-6501 (fax)
lcorreia@correiaputh.com
lkhouri@correiaputh.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2019 I filed the foregoing using the CM/ECF system, which will send electronic notice to Defendant's counsel of record:

Sona Rewari
Andrea Calem
Stuart Raphael
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
srewari@huntonak.com
acalem@huntonak.com
sraphael@huntonak.com
*Counsel for Defendant*

      /s/ John R. Ates
John R. Ates (VSB #71697)
Ates Law Firm, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
703-647-7501 Telephone
703-229-6430 Fax
j.ates@ateslaw.com