2179

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
------------------------------:
                              :
JANE DOE,                     :
              Plaintiff,      :
                              :
     -vs-                     :      Case No. 1:18-cv-614
                              :
                              :
FAIRFAX COUNTY SCHOOL BOARD,  :
              Defendant.      :
                              :
------------------------------:
```

V O L U M E   10


JURY TRIAL PROCEEDINGS


August 9, 2019


Before:  Liam O'Grady, USDC Judge


And a Jury


APPEARANCES:


John R. Ates, Linda M. Correia, and Lauren A. Khouri,
Counsel for the Plaintiff

Sona Rewari, Stuart A. Raphael, and Andrea R. Calem,
Counsel for the Defendant

2180

1             NOTE:  The August 9, 2019 portion of the case begins

2    in the absence of the jury as follows:

3    JURY OUT

4             THE COURT:  All right.  Good morning to everyone.

5             MR. ATES:  Good morning, Your Honor.

6             MR. RAPHAEL:  Good morning, Your Honor.

7             THE COURT:  I very much appreciate the briefing that

8    you did on the additional question by the jury, and I know that

9    you were working, burning both ends of the candle.

10            So I looked at the briefs.  I've proposed an answer

11   to the question.  And I will hear comments at this time from

12   counsel.

13            Mr. Ates.

14            MR. ATES:  Your Honor, we appreciate as well you and

15   your clerks burning the candle on three different ends probably

16   given your docket today.

17            We would agree with the language the Court has

18   proposed, we think it helps clarify for the jury this issue.

19            I do want to raise whether -- from a lay person's

20   perspective, their language is quiet elegant on looking at what

21   does "actual knowledge" mean.

22            And I don't know, given where the Court appears to be

23   in your draft language, whether we need to be a little bit more

24   explicit to the jury that the concept of actual knowledge is as

25   explained in their concept A.  To let them know that it is a

2181

 1  compilation of information known to responsible school

 2  officials.

 3          They have asked that specific question.  I think they

 4  are wanting an answer on it.  And we would propose a little bit

 5  more guidance in that regard to say that.

 6          I understand the Court's concerns about

 7  overinstructing, but in this instance the jury has asked a

 8  specific question, is it A or is it B, and the law says it is

 9  A.  And I don't think it would cause a problem of error if the

10  Court instructs them on that.

11          I hope that answers Your Honor's question.

12          THE COURT:  Yes.

13          MR. ATES:  The one thing I do want to point out is

14  yesterday the School Board was complaining about instruction

15  number 5 and the word "alleged" in there.  They in docket 244

16  at page 48 of 68, which is page ID number 4389, defendant

17  proposed that instruction, Your Honor.

18          And it would not -- the only changes this Court made

19  was to add the words "of Jane Doe's sex" after "reasonable

20  person" in prong number two.

21          They cannot be heard to complain of a jury

22  instruction they proposed, both under the invited error

23  doctrine and the subset of that doctrine, which is, if you

24  propose a jury instruction and the Court gives it, you cannot

25  be heard to complain.

2182

1          So I just wanted to make sure that was clear for the

2    record, Your Honor.

3          THE COURT:  Okay.  Thank you, Mr. Ates.

4          Mr. Raphael.

5          MR. RAPHAEL:  Good morning, Your Honor.

6          Let me begin with -- we do object to the proposal.

7    But I think there is a typo in the end of it.  I think you mean

8    question 3, not question 4.

9          THE COURT:  No, I mean question --

10         MR. RAPHAEL:  Because question 3 is the one that goes

11   to "actual knowledge."

12         THE COURT:  Yeah, but they also are looking at

13   question 4 as:  Question 4 posits that "sexual harassment" is

14   known, even though question 3 asks re actual knowledge of the

15   "alleged sexual harassment."

16         So I had proposed putting the second

17   sentence/paragraph in there:  If the School Board had actual

18   knowledge of such an allegation, then it knew of the sexual

19   harassment of Jane Doe on the March 8, 2017 bus trip for

20   purposes of question number 4.

21         MR. RAPHAEL:  Okay.  We think the problem with this

22   response is it does not capture the requirement that the

23   knowledge of the appropriate school officials include both the

24   facts showing that there was harassment and that it was so

25   severe, pervasive, and reasonably offensive -- or objectively

2183

1    offensive to as to deny educational opportunities.

2            Davis shows that those are both required.  The Hill

3    case from the Eleventh Circuit that we cited in our brief

4    explicitly says that, both are required.  And they are both

5    required because under Title IX, which is a spending clause

6    statute, a school does not -- a funding recipient doesn't have

7    a legal obligation to respond until both of those things are

8    shown.

9            And that originates with the Gebser requirement, that

10   you have a responsibility to respond to discrimination that

11   violates Title IX.  So we --

12           THE COURT:  Why isn't that laid out in 1 and 2 that

13   they have?

14           MR. RAPHAEL:  Because the way -- the way this

15   response reads, it suggests that only 1 counts.  And it doesn't

16   capture the idea that 2 is important also.

17           And that's why we thought our response, and I

18   appreciate Mr. Ates', you know, recognition that it is a pretty

19   elegant and concise answer, I think captures it both.

20           And it captures the idea -- I mean, our suggested

21   response is, "Question 3 asks you to determine if the School

22   Board had actual knowledge of the conduct by Jack Smith on

23   which you based your answers to questions 1 and 2."

24           Respectfully, that is a much more direct answer to

25   the jury's question, and I think obviates the need to get into

2184

1    anything else.  So we think that is the better answer.

2         We think that the language "compilation," which I

3    acknowledge was in the jury's question, I think that Mr. Ates'

4    suggestion about talking about compilations of information is

5    confusing to them and less direct and concise than what we

6    propose.

7         I also wanted to answer a couple things.  We did

8    raise before the charge the problem with the use of the word

9    "alleged."  So I don't think we're estopped or precluded from

10   pointing that out as the case went along before the Court

11   decided on what the proper charge would be.

12        And this verdict form is the one that the plaintiffs

13   proposed, not the one that we proposed, which did not include

14   the word "alleged."

15        I also wanted to respond to Mr. Ates' suggestion in

16   his brief this morning that the facts about actual knowledge

17   are really not in dispute.  They are.

18        And just so it's clear, Victoria Staub and Michelle

19   Taylor had very different testimony about what Victoria told

20   Michelle Taylor that Friday.  Victoria said she talked about

21   the digital penetration.  Michelle Taylor said that never

22   happened.

23        And the facts are also disputed about what happened

24   on Monday when Ms. Hogan was interviewing Ms. Doe.  The facts

25   as recounted by Ms. Hogan told her that there was no objective

2185

1    evidence of a sexual assault.  That even though -- even

2    crediting Ms. Doe's claim that she didn't want to do it, there

3    was no objective manifestation of that based on her

4    testimony -- based on what she told Ms. Hogan and what Mr.

5    Smith told Ms. Hogan.

6         So I just want -- I just want to make clear that we

7    think that the facts are hotly disputed about whether there was

8    actual knowledge of the facts that would give rise to a Title

9    IX violation.

10         And so, I would return then to suggesting that our

11   proposed elegant, and short, concise answer really solves the

12   problem.  And we would urge the Court to give that.

13         THE COURT:  All right, thank you.

14         MR. ATES:  May I briefly, Your Honor?

15         THE COURT:  Yes.

16         MR. ATES:  If I misspoke, I apologize, but I thought

17   what I called elegant was the jury's own language by lay people

18   regarding those --

19         THE COURT:  That's the way I understood it.

20         MR. ATES:  Thank you, Your Honor.  As far as their

21   proposed instruction, it did have the word "actual knowledge"

22   in it.  They copied O'Malley but for "of the person's sex" in

23   there.

24         So the only other issue, Your Honor, and I am not

25   sure Your Honor needs to touch it, is they did have the

2186

1    question about the vacation.  I don't know if Your Honor needs

2    to say, please deliberate fully today and if we need -- you

3    know, but maybe we just let that lie.  But I at least wanted to

4    raise it with Your Honor to get Your Honor's thinking on that.

5         THE COURT:  Yeah.  I mean, I have the question in

6    front of me and I was going to inquire.  I think I'll wait

7    until later in the day to talk about that and see how they do.

8    And I can acknowledge that I have received that question and

9    will address it later in the day.

10         MR. ATES:  Thank you, Your Honor.

11         THE COURT:  Okay.  I mean, I don't want tell them

12   that you have to finish by 2 o'clock or there are consequences,

13   we don't do that.

14         MR. ATES:  That's why I was in my own head, Your

15   Honor, pondering do we say something or not.  But I think if

16   Your Honor says we can address that as needed later in the day,

17   I think we would agree with that.

18         THE COURT:  Okay.  All right.  We're going to take a

19   recess.  We may tweak the language in the instruction.  We will

20   bring you out copies of what we decide on before we bring the

21   jury in.  And then we will hopefully have our jury here shortly

22   and I will ask them about, of course, the normal questions

23   about whether they have done any research or investigation, and

24   then I will just read the answer to their questions to them

25   here, and we will send the written statement back to them.

2187

1          MR. ATES:  Thank you.  Your Honor, I may not have

2   stated on the record, we object to referring them back to 1 and

3   2.  They are going through each piece, and we think they are

4   going through it seriatim, and that's appropriate.

5          Thank you.

6          THE COURT:  All right.  Mr. Raphael.

7          MR. RAPHAEL:  Yeah, I want to -- it was wrong of me

8   to assume that the compliment was intended for me, and I

9   apologize for that.

10         THE COURT:  Okay.  All right, we're in recess.

11         NOTE:  At this point a recess is taken; at the

12   conclusion of which the case continues in the absence of the

13   jury as follows:

14   JURY OUT

15         THE COURT:  All right.  Ready for our jury?

16         MR. ATES:  We are, Your Honor.  Thank you.

17         MR. RAPHAEL:  Yes, Your Honor.

18         MS. REWARI:  Yes, Your Honor.

19         THE COURT:  All right, Joe, let's get our jury,

20   please.

21         NOTE:  At this point, 9:11 a.m., the jury returns to

22   the courtroom; whereupon the case continues as follows:

23   JURY IN

24         THE COURT:  All right, please be seated.

25         Good morning, ladies and gentlemen, thank you for

2188

1   once again working your way in here on time.

2          Let me ask you my very important question, that you

3   didn't do any research, or investigation, or talk to anybody

4   about the case.  Can I have a nod of heads from everybody?

5          Thank you so much.  As you know, it is critical.

6          You had asked right before you left last night a

7   question which reads:  Can question 3 be answered affirmatively

8   without implying that sexual harassment was "known" by the

9   School Board.  Question 4 posits that "sexual harassment" is

10  known, even though question 3 asks re actual knowledge of

11  illegal sexual harassment -- of "alleged sexual harassment."

12         And second:  We continue to have questions re actual

13  knowledge.  Is actual knowledge, A, a compilation of

14  information about an event or... B, the conclusion decided

15  based on information provided.

16         And I apologize for the wording of the verdict form,

17  I see why you were confused, and that's my fault.  So let me

18  try and clarify.  And I have written out the answer to the

19  questions and it will go back with you.  But let me just read

20  it.

21         The Court has received your question.  Question 3 can

22  be answered affirmatively if you find by a preponderance of the

23  evidence that the School Board had actual knowledge of an

24  allegation or allegations that on March 8 of -- on the March 8,

25  2017 bus trip Jack Smith sexually harassed Jane Doe.

2189

1          If the School Board had actual knowledge of such an

2     allegation or allegations, then it knew of the sexual

3     harassment of Jane Doe on the March 8 bus trip for the purposes

4     of question number 4.

5          So I hope that helps you.  I will ask you now to

6     return to that beautiful jury room and continue deliberating.

7          All right.  Thank you so much.  You're excused.

8          NOTE:  At this point, 9:14 a.m., the jury leaves the

9     courtroom; whereupon the case continues as follows:

10    JURY OUT

11         THE COURT:  All right.  We are going to let the group

12    in for our Friday morning docket, and we will await further

13    word from the jury.  And we will interrupt the docket if we

14    have to take care of the jury.

15         MR. ATES:  Thank you, Your Honor.  I've let the

16    courtroom clerk know, we're going to be in the attorney work

17    room on 4, Your Honor.  So I am not going to be on a cell

18    phone.

19         THE COURT:  Okay.

20         MR. ATES:  We are going to stay in the courthouse.

21         THE COURT:  Okay, great.

22         MR. ATES:  Thank you, Your Honor.

23         THE COURT:  Thank you all.

24         MS. REWARI:  Thank you.

25         MR. RAPHAEL:  Thank you, Your Honor.

2190

1          MS. CORREIA:  Thank you, Your Honor.

2          NOTE:  At this point a recess is taken; at the

3     conclusion of which the case continues in the absence of the

4     jury as follows:

5     JURY OUT

6          THE COURT:  All right, let's call the Doe case back

7     into court.

8          THE CLERK:  Recalling civil action 1:18-cv-614, Jane

9     Doe versus Fairfax County School Board.

10         THE COURT:  All right, I understand we have a

11    verdict.  Are you ready to return the verdict?

12         MS. CORREIA:  Yes, Your Honor.

13         MR. ATES:  Yes, we are, Your Honor.

14         MS. REWARI:  Yes, Your Honor.

15         THE COURT:  Okay.  Joe, let's get our jury then.

16         NOTE:  At this point, 11:14 a.m., the jury returns to

17    the courtroom; whereupon the case continues as follows:

18    JURY IN

19         THE COURT:  All right, please have a seat.

20         Do you have a verdict for us?

21         JURY FOREPERSON:  Yes.

22         THE COURT:  Would you hand it to Mr. Ruelas, please.

23         All right, thank you.

24         The foreperson has signed and dated the special

25    interrogatory verdict form.  They have answered yes to

2191

1    questions 1 and 2.  They have answered no to question number 3,

2    that the School Board had actual knowledge of the alleged

3    sexual harassment.  And, therefore, not filled out the answers

4    4 or 5.

5           Let's -- is that your unanimous verdict?  All of you

6    agree with it?

7           NOTE:  The jurors responded affirmatively.

8           THE COURT:  All right.  Then thank you.  Your

9    deliberations are complete.

10          If you have an opportunity, I would like to say thank

11   you to each of you.  So if you have a minute to wait for me to

12   come back, I have a few moments that I need to speak with

13   counsel, and then I will get back there.

14          If you have to leave, I understand, but I would like

15   to personally thank you for all of your time and effort here

16   today.

17          All right.  So you are excused at this time.

18          NOTE:  At this point the jury is discharged and

19   leaves the courtroom; whereupon the case continues as follows:

20   JURY DISCHARGED

21          THE COURT:  All right.  Any matters you want to

22   address at this time?  Plaintiff have any?

23          MR. ATES:  Your Honor, we would have wanted them

24   polled, but you asked the question of whether it was unanimous,

25   so we--

2192

1            THE COURT:  Each of them nodded their heads yes.

2            MR. ATES:  That's correct, Your Honor.

3            THE COURT:  Okay.  All right.  I am going to go thank

4    our jury.  I thank all counsel.

5            Ms. Doe, you are a courageous young woman, and I am

6    very proud of you.  And I know your parents are very proud of

7    you.  And I wish you only the very best as you go through your

8    college experience.  And I hope that you put all this behind

9    you through your help with counseling, and also your ability

10   that I know you have to focus on the future and do great things

11   with that future.  And I trust that will happen.

12           And if there ever is a time that you ever want to

13   talk with me, please, I am happy to talk with you any time.

14   And please keep that in mind.  All right?

15           MS. DOE:  Thank you.

16           THE COURT:  All right.  Okay, we're in recess.

17   ------------------------------------------------
                         TRIAL CONCLUDED
18

19

20

21           I certify that the foregoing is a true and

22      accurate transcription of my stenographic notes.

23

24
                    /s/  Norman B. Linnell
25              Norman B. Linnell, RPR, CM, VCE, FCRR