IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE, | ) |
| *Plaintiff,* | ) ) ) |
| v. | )  CIVIL ACTION 1:18-cv-614 |
| FAIRFAX COUNTY SCHOOL BOARD, | ) ) ) |
| *Defendant.* | ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Jane Doe's Motion for a New Trial (Dkt. 336) pursuant to Rule 59 of the Federal Rules of Civil Procedure. The Defendant, Fairfax County School Board, has responded (Dkt. 341) and the Plaintiff Jane Doe has replied (Dkt. 342). Oral argument on the Motion occurred on September 13, 2019.

For the reasons stated herein, the Motion is denied and the Court enters judgment pursuant to the verdict returned by the jury (Dkt. 326).

A court may grant a new jury trial upon a motion by a party "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Specifically, a Rule 59 motion will be granted if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. and Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996). "A motion for a new trial is governed by a different standard from a directed verdict motion," as Rule 59 allows a trial judge to weigh the evidence and consider the

credibility of witnesses. *Poynter by Poynter v. Ratcliff*, 874 F.2d 219, 223 (4th Cir. 1989) (quoting *Wyatt v. Interstate & Ocean Transp. Co.*, 623 F.2d 888, 891 (4th Cir. 1980)).

The facts of the case have been recited by both parties in their pleadings and the Court will not revisit them herein.

Plaintiff's motion offers three reasons why its Rule 59 motion should be granted and a new trial ordered. First, Plaintiff asserts that the clear weight of the evidence requires the Court to override the jury's finding that the Plaintiff had not proven by a preponderance of the evidence that the Fairfax County School Board had actual knowledge of an allegation or allegations of sexual harassment by Jack Smith. Plaintiff highlights as its justification that it was well established in trial that the key Fairfax County School Board personnel—Vice Principal Taylor, Vice Principal Hogan, and Principal Banbury—had received information from multiple sources about a sexual encounter on the bus that may not have been consensual. Importantly, Vice Principal Hogan, within several days of the incident, interviewed Jane Doe and Jack Smith on multiple occasions in order to determine what had occurred. Without reciting once again the full panoply of that evidence, there was sufficient evidence from which the jury could have found that one or more of these three had actual knowledge of the allegation of sexual harassment.

The question that the Court must answer in complying with the governing law is whether the jury could have reasonably relied on competent evidence to answer the question in the negative. In considering a motion for a new trial, the trial judge undertakes "a comparison of opposing proofs." *Williams v. Nichols*, 266 F.2d 389, 393 (4th Cir. 1959) (quoting *Gen. Am. Life Ins. Co. v. Central Nat'l Bank of Cleveland*, 136 F.2d 821, 823 (6th Cir. 1943)). This review includes "a comparison of the factual record and the verdict to determine their compatibility."

*Bennett v. R & L Carriers Shared Services, LLC*, 744 F.Supp.2d 494, 529 (4th Cir. 2010). Regardless of the discretion afforded to the district judge, "'[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done.'" *Vanwyk Textile Sys., B.V. v. Zimmer Mach. Am., Inc.*, 994 F.Supp. 350, 358 (W.D.N.C. 1997) (quoting 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2803 (2d ed. 1995).

The jury heard testimony from each of the above school administrators that while they were investigating what happened between Jane Doe and Jack Smith they did not believe that the information included allegations of a sexual assault. Vice Principals Taylor and Hogan both testified that while what they heard might have been interpreted to constitute an allegation of sexual assault they did not believe that it did. Principal Banbury unequivocally stated he had not been informed of an allegation of sexual assault. The jury therefore had conflicting evidence of whether the officials were aware of allegations of a sexual assault. The Court has no way to divine what evidence the jury believed was more credible or the weight that the jury gave to specific evidence. As a result, the existence of evidence supporting the jury's verdict prevents the Court from ordering a new trial.

The governing law in the Fourth Circuit instructs District judges not to grant motions for a new trial pursuant to Rule 59 in these circumstances. In the absence of a clear miscarriage of justice, "a trial judge should not 'denigrate' the jury system by granting a new trial on grounds of insufficient evidence and substituting his own judgment of the facts and witness credibility, particularly when the subject of the matter of the trial is simple and easily comprehended by a lay jury." *Lamonaca v. Tread Corp.*, 157 F.Supp.3d 507, 517 (W.D. Va. 2016) (quoting

3

*Abaskieking v. City of Shelby*, 744 F.2d 1055, 1059 (4th Cir. 1984)).

Second, Plaintiff objects to the jury instruction given that required the jury to find that the Fairfax County School Board had "actual knowledge" of the allegation versus "actual notice." The parties and the Court spent quite a bit of time considering the language and the case law supporting each side's argument. The Court remains of the belief that the "actual knowledge" language is mandated by both the Supreme Court and Fourth Circuit precedent and therefore declines to grant a new trial on this ground.

The Court was asked two questions by the jury regarding "actual knowledge" and responded to both after consultation with counsel. The Court remains convinced that the Court's responses to the jury were appropriate.

Finally, Plaintiff objects that the Court did not give a spoliation instruction to the jury after the evidence demonstrated that the Defendant had not preserved important notes of interviews during its investigation. This was a difficult decision, as Magistrate Judge Nachmanoff found that records were not preserved as required pre-trial, and the Court reached the same conclusion after hearing the trial testimony. However, the Court ultimately found that the spoliation instruction was not warranted as it would have permeated the jury's consideration of all of the evidence and unfairly prejudiced the Defendant. Instead, the Plaintiff was permitted to, and did, independently argue without the instruction that the failure to preserve the evidence of the interviews prejudiced the Plaintiff's ability to prove her case. Again, the Court believes that its decision not to give the spoliation instruction was the correct decision and declines to order a new trial on that ground.

For the reasons stated and for good cause, the Rule 59 motion to order a new trial (Dkt.

336) is **DENIED**. Judgment is entered for Defendant pursuant to the jury verdict.

It is **SO ORDERED.**

September 27, 2019
Alexandria, Virginia

/s/ Liam O'Grady
Liam O'Grady
United States District Judge