UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:18-cv-614 (LO) |
| FAIRFAX COUNTY SCHOOL BOARD, | ) |
| Defendant. | ) |

**<u>PLAINTIFF'S MOTION FOR A STATUS CONFERENCE TO SET A TRIAL DATE</u>**

Plaintiff Jane Doe, through counsel, respectfully requests the Court to schedule a status conference to discuss setting a trial date in this matter.

1. The parties tried this matter to a jury in July and August 2019, and a final judgment was entered in Defendant's favor in August 2019.

2. After this Court denied Doe's Rule 59 motion for a new trial and a subsequent motion for reconsideration, Doe appealed to the United States Court of Appeals for the Fourth Circuit.

3. In June 2021, the Fourth Circuit reversed the Court's denial of Doe's Rule 59 motion and remanded the matter for a new trial consistent with the legal standards set forth in the Fourth Circuit's opinion. Dkt. #371 at 32.

4. Defendant petitioned for rehearing en banc. On August 30, 2021, the Fourth Circuit denied defendant's petition for rehearing en banc. Dkt. #378.

5. The Fourth Circuit subsequently denied defendant's motion to stay the mandate pending its filing a petition for certiorari to the Supreme Court of the United States. Dkt. #380.

The Fourth Circuit issued its mandate on September 30, 2021, vesting this Court with jurisdiction over the matter again.

6. After obtaining an extension of time to file, Defendant filed its petition for certiorari on December 30, 2021, which was docketed as No. 21-968. Doe's brief in opposition is due April 8, 2022, and the case likely will be set for consideration in conference in April or May 2022.

7. Doe respectfully asks this Court to hold a status conference so it may consider setting this case for trial in July or August 2022, or as soon as practicable for the Court and the parties. This summer marks three years since the original trial, and, possibly, the last opportunity to compel the in person testimony of key witnesses. Doe and other students who were in her grade at Oakton High School and who testified at the prior trial are expected to graduate from college this summer. If they do not remain in the area post-graduation, the parties' ability to secure their testimony in person at trial via subpoena will be much more difficult, if not impossible. And undersigned counsel's understanding is that, because of pandemic-related delays, many trials in the Eastern District of Virginia currently are being scheduled several months in advance. As a result, if trial is not set until after the Supreme Court denies certiorari, it will likely be too late to schedule a summer trial. Moreover, setting the trial date now, in advance of the Supreme Court's determination on the petition for certiorari, will not prejudice any party as the petition likely will be considered and decided in April or May. If the Supreme Court grants certiorari, then the trial date can be vacated. If the Supreme Court denies certiorari, the parties can begin re-trial preparation in earnest a few months before the trial. That is more preparation time than counsel ordinary enjoyed, pre-pandemic, in the Eastern District of Virginia, where trials were ordinarily set four to six weeks after the Final Pretrial.

8. Plaintiff waives a hearing on this motion, and her counsel can be available virtually or in person should the Court set a status conference, but would respectfully ask that any such conference not be set for March 4, 2022, due to prior commitments of all of her trial counsel on that date.

9. Counsel for defendant indicated defendant does not oppose holding a status conference, but does oppose setting a trial date before the petition for certiorari is resolved by the Supreme Court.

Date: February 18, 2022   Respectfully submitted,

ATES LAW FIRM, P.C.

 /s/ John R. Ates
John R. Ates (VSB #71697)
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
703-647-7501 (tel)
j.ates@ateslaw.com

PUBLIC JUSTICE, P.C.

 /s/ Adele P. Kimmel
Adele P. Kimmel (admitted *pro hac vice*)
1620 L Street NW, Suite 630
Washington, D.C. 20036
(202) 797-8600 (tel)
(202) 232-7203 (fax)
akimmel@publicjustice.net

CORREIA & PUTH, PLLC

 /s/ Linda M. Correia
Linda M. Correia (admitted *pro hac vice*)
Lauren A. Khouri (admitted *pro hac vice*)
1400 16th Street NW, Suite 450
Washington, D.C. 20036
 (202) 602-6500 (tel)
 (202) 602-6501 (fax)
lcorreia@correiaputh.com
lkhouri@correiaputh.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 18, 2022 I filed the foregoing using the CM/ECF system, which will send electronic notice to Defendant's counsel of record as set forth in the CM/ECF, though I note Stuart Alan Raphael was terminated as counsel for Defendant by the Fourth Circuit upon motion by him due to his conformation to sit on the Court of Appeals of Virginia:

Sona Rewari
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
srewari@huntonak.com

*Counsel for Defendant*

                                                    */s/ John R. Ates*
                                                  John R. Ates (VSB #71697)
                                                  Ates Law Firm, P.C.
                                                  1800 Diagonal Road, Suite 600
                                                  Alexandria, Virginia 22314
                                                  703-647-7501 Telephone
                                                  j.ates@ateslaw.com