UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JANE DOE,

        *Plaintiff*,

    v.

FAIRFAX COUNTY SCHOOL BOARD,
        *Defendant.*

Civil Action No. 1:18-cv-00614-MSN-IDD

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Defendant's Motion *in Limine* to Preclude Evidence and Argument Regarding (1) Liability for Post-June 2017 Conduct and (2) Plaintiff's Alleged Damages (Dkt. No. 410). Having reviewed the motion, opposition and reply thereto, and arguments of counsel, the Court will grant the motion in part and deny the motion in part.

**I.  Procedural Background**

Plaintiff originally brought this Title IX action on May 23, 2018, alleging that her school's administrators acted with deliberate indifference in responding to reports that she had been sexually harassed by another student at her school, "Jack Smith." *See* Compl. (Dkt. No. 1); Am. Compl. (Dkt. No. 23); *see also* 20 U.S.C. § 1681(a) ("Title IX"). At the conclusion of trial, the jury found against Plaintiff on the issue of whether Defendant had "actual knowledge" of the alleged sexual harassment. Jury Verdict (Dkt. No. 326). Plaintiff moved for a new trial pursuant to Fed. R. Civ. P. 59, (Dkt. No. 336), and the Court denied the motion. Order (Dkt. No. 352). Plaintiff appealed, and the United States Court of Appeals for the Fourth Circuit reversed. *Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257, 277 (4th Cir. 2021).

This case is now on remand for a new trial. This Court held a status conference on December 6, 2022, (Dkt. No. 408), and entered a subsequent order setting the new trial date, as well as ordering

the parties to file any motions *in limine* regarding the scope of damages and any related issues. Order (Dkt. No. 409). On December 19, 2022, Defendant filed a Motion *in Limine* to Preclude Evidence and Argument Regarding (1) Liability for Post-June 2017 Conduct and (2) Plaintiff's Alleged Damages (the "MIL") (Dkt. No. 410) and accompanying memorandum (the "MIL Memo") (Dkt. No. 411). Plaintiff filed a brief in opposition (the "Opp.") (Dkt. No. 413), and Defendant filed a reply brief (the "Reply") (Dkt. No. 414). The Court heard argument on the motion *in limine* on January 20, 2023, and took the matter under advisement. (Dkt. No. 415). Accordingly, the matter is ripe for decision.

## II.     Legal Standard

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The "main purpose of a motion in limine is to streamline the trial by keeping irrelevant or improper evidence out of the courtroom." *TecSec v. Adobe Inc.*, No. 1:10-cv-115-LO, 2018 WL 11388472, at *7 (E.D. Va. Nov. 21, 2018). It is proper at the motion *in limine* stage for a court to preclude from trial arguments "without factual or legal support." *Id*. The decision to grant or deny a motion *in limine* is within the district court's discretion. *Cougill v. Prospect Mortg., LLC*, No. 1:13-cv-1433-JCC, 2014 WL 348539, at *1 (E.D. Va. Jan. 13, 2014).

Under the mandate rule, a lower court generally may not consider questions that the mandate has laid to rest. *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939). In assessing whether the mandate rule has been contravened, the Fourth Circuit will determine whether the district court addressed a matter within the scope of the Fourth Circuit's mandate from the preceding appeal. *S. Atl. Ltd. P'ship of Tenn., LP v. Riese*, 356 F.3d 576, 584 (4th Cir. 2004). In defining the scope of a mandate, the Fourth Circuit has observed that the mandate rule "forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived . . . ." *United States v. Bell*, 5 F.3d

64, 66 (4th Cir. 1993). "[A] district court must, except in rare circumstances, implement both the letter and the spirit of the . . . mandate, taking into account [the appellate court's] opinion and the circumstances it embraces." *Id*. (cleaned up). The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Id*. (citing *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993)). The mandate rule does not simply preclude a district court from doing what an appellate court has expressly forbidden it from doing. *S. Atl. Ltd. P'ship of Tenn., LP*, 356 F.3d at 584. "Under the mandate rule, a district court cannot reconsider issues the parties failed to raise on appeal; the court must attempt to implement the spirit of the mandate; and the court may not alter rulings impliedly made by the appellate court." *Id*. (citing *Bell*, 5 F.3d at 66).

### III.   Discussion

#### A.   Liability for Defendant's Conduct after 2016–2017 School Year

Defendant's motion *in limine* seeks to preclude Plaintiff from bringing any claims for discrete Title IX violations by Defendant after the 2016–2017 school year. MIL Memo at 12. The alleged sexual harassment occurred in March 2017 while Plaintiff was a junior in high school and Smith was a senior. *See* Am. Compl. ¶¶ 24–26. In the first trial, the Court held that "there is no evidence that any administrator acted with deliberate indifference after Jack Smith graduated, and thus there could be no Title IX violation after that time[.]" JMOL Order (Dkt. No. 313). The Court further held that "the evidence that the effects of the conduct occurring in the 2016-2017 school year continued into the 2017-2018 school year is admissible solely for consideration of damages." *Id*.

Defendant now moves to "preclude [Plaintiff] from introducing evidence or argument that Title IX liability can attach based on the conduct of any school officials that occurred after the 2016–2017 school year." MIL Memo at 13. Defendant argues that because Plaintiff failed to specifically challenge the Court's ruling on this issue, she should not be permitted to relitigate the issue on

3

remand. *See id.*; *United States v. Bell*, 5 F.3d 64, 66 (4th Cir.1993). Plaintiff rebuts this argument by pointing to language in the Fourth Circuit's opinion that, Plaintiff argues, supports finding liability based upon Defendant's continuing lack of response to her claim of sexual harassment during the 2017–2018 school year. *See* Opp. at 8–10. Specifically, the Fourth Circuit held that a "school may be held liable under Title IX if *its response* to a single incident of severe sexual harassment, *or the lack thereof*, was clearly unreasonable and thereby made the plaintiff more vulnerable to future harassment or further contributed to the deprivation of the plaintiff's access to educational opportunities." *Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257, 274 (4th Cir. 2021) (emphasis added). Plaintiff argues this language, in conjunction with the mandate rule, requires this Court to deny Defendant's motion *in limine*. Opp. at 9–10.

The Court finds the language from the Fourth Circuit's opinion instructive and will deny Defendant's motion *in limine* without prejudice at this time. Although the Court's prior ruling operates as the "law of the case," this doctrine is "neither absolute nor inflexible; it is a rule of discretion rather than a jurisdictional requirement." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 807–08 (E.D. Va. 2007); *see also Smith v. Bounds*, 813 F.2d 1299, 1304 (4th Cir. 1987). The Court has the authority to revisit and depart from prior decisions when justice so requires. *See Christianson v. Colt Indus. Op. Corp.*, 486 U.S. 800, 817 (1988). More importantly, however, the Court is obligated to adhere to the mandate from the Fourth Circuit and "may not alter rulings impliedly made by the appellate court." *S. Atl. Ltd. P'ship of Tenn., LP*, 356 F.3d at 584. Defendant's liability for conduct that occurred after Smith's graduation was not directly raised by either party on appeal; moreover, the Fourth Circuit specifically held that Defendant's *inaction* could give rise to liability under Title IX. *See Fairfax Cnty. Sch. Bd.*, 1 F.4th at 274. Accordingly, it is possible that Defendant's inaction during Plaintiff's senior year could give rise to liability if there is evidence to support such a claim. *See id.* The Court, therefore, will not preclude Plaintiff from introducing

4

evidence based on the inaction of any school officials that occurred after the 2016–2017 school year, and Defendant's motion *in limine* as to this issue will be denied.

> ### B.      Scope of Damages Permitted on Retrial

The second issue in Defendant's motion *in limine* seeks to limit the scope of damages that Plaintiff may pursue in the new trial. MIL Memo at 1. Specifically, Defendant moves this Court to preclude Plaintiff from presenting any evidence or argument in support of damages for emotional distress, lost earning capacity, past and future medical expenses and psychological treatment, and lost educational opportunities. *Id.* at 13–22. For the reasons below, the Court will grant this motion in part and deny in part.

> #### 1.      Emotional Distress Damages Precluded by *Cummings*

In the first trial, Plaintiff only sought to recover damages for emotional distress she experienced as a result of Defendant's alleged Title IX violations. *See* Tr. July 19, 2019 Hr'g (Dkt. No. 243) at 22:4–16 (Plaintiff seeking damages for "her emotional harm"); Pl. Proposed Jury Instr. (Dkt. No. 249) at 23 (verdict form instructing that jury "may award damages only for emotional pain, suffering and mental anguish"). However, after the Fourth Circuit issued its opinion reversing this case, the Supreme Court decided *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1570–71 (2022), which called into question the availability of emotional distress damages in Title IX cases.

In *Cummings*, the Supreme Court held that a plaintiff bringing claims of discrimination under the Rehabilitation Act and the Patient Protection and Affordable Care Act may not seek damages for emotional distress. *Id.* at 1568–69. The Court addressed the scope of remedies available for private right of action claims brought under antidiscrimination statutes that Congress enacted pursuant to its Spending Clause powers. *See id.* at 1569–70. Finding that Spending Clause antidiscrimination legislation must be viewed through a contract-law lens, the *Cummings* Court held

that plaintiffs bringing private causes of action under these laws may only seek statutory damages

as well as those damages "traditionally available in suits for breach of contract." *Id*. at 1571 (quoting

*Barnes v. Gorman*, 536 U.S. 181, 187 (2002)). The Court further held that because emotional

distress damages are generally not available in an action for breach of contract, they are not

recoverable in claims brought under the Spending Clause statutes. *See id*. at 1572. While the

Supreme Court did not explicitly apply this holding to claims brought under Title IX, district courts

across the country since *Cummings* have uniformly held that its holding applies to Title IX claims

and precluded emotional distress damages accordingly.[1]

In light of *Cummings*, Defendant moves this Court to join with the other district courts that

have addressed this issue and find that *Cummings* precludes emotional distress damages in the

instant Title IX action. MIL Memo at 13–17. Plaintiff argues that the Court should not rule on this

question because Plaintiff already conceded that she will not seek emotional distress damages in the

retrial, and any order precluding these damages would be "an advisory opinion." Opp. at 12–13; *see

also* Pl.'s Status Report (Dkt. No. 406) at 1. The Court is unpersuaded by this argument. Motions

*in limine* provide the parties with valuable guidance in preparing for trial "by keeping irrelevant or

improper evidence out of the courtroom." *TecSec*, 2018 WL 11388472, at \*7. It is proper at the

motion *in limine* stage for a court to preclude from trial arguments "without factual or legal support,"

and a party's concession that it will not seek to present certain evidence does not necessarily resolve

the matter. *Id*. The Court therefore finds it proper to decide the availability of emotional distress

---

[1] *See, e.g., Doe v. Moravian Coll.*, No. 5:20-cv-00377-JMG, 2023 WL 144436, at \*7 (E.D. Pa. Jan. 10, 2023) (holding that emotional distress damages are unavailable under Title IX after *Cummings*); *K.G. v. Woodford Cnty. Bd. of Educ.*, No. CV 5:18-555-DCR, 2022 WL 17993127, at \*3 (E.D. Ky. Dec. 29, 2022) (same); *Unknown Party v. Ariz. Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2022 WL 17459745, at \*4 (D. Ariz. Dec. 6, 2022) (same); *T. F. v. Greenwood ISD*, No. 7:20-CV-215-ADA, 2022 WL 17477597, at \*9 (W.D. Tex. Dec. 5, 2022) (same); *Doe next friend of Doe v. City of Pawtucket*, No. 17-365-JJM-LDA, 2022 WL 4551953, at \*3 (D.R.I. Sept. 29, 2022) (same); *Doe 1 v. Curators of Univ. of Mo.*, No. 19-cv-04229-NKL, 2022 WL 3366765, at \*3 (W.D. Mo. Aug. 15, 2022) (same); *Doe v. Purdue Univ.*, No. 2:17-CV-33-JPK, 2022 WL 3279234, at \*13 (N.D. Ind. Aug. 11, 2022) (same); *Bonnewitz v. Baylor Univ.*, No. 6:21-cv-00491-ADA-DTG, 2022 WL 2688399, at \*3 (W.D. Tex. July 12, 2022) (same).

damages in this Title IX action.

Having reviewed *Cummings* and its progeny, the Court finds that its holding cannot be distinguished and applies to claims brought under Title IX as an antidiscrimination Spending Clause statute. Accordingly, Plaintiff is precluded from seeking emotional distress damages in this case. *See* 142 S. Ct. at 1572. Defendant's motion *in limine* is therefore granted in relevant part.

### 2.    Alternative Theories of Damages

Having conceded that she will not seek damages based on emotional distress in the upcoming trial, Plaintiff seeks to introduce alternative damages based on losses alleged in the amended complaint, including "losses of educational opportunities and benefits, along with injuries, damages, and losses including but not limited to: . . . lost future earnings and earning capacity; and expenses for past and future medical and psychological care." Am. Compl. ¶ 112; Pl.'s Status Report (Dkt. No. 406) at 1. Defendant argues that each of these alternative theories of damages should also be precluded in light of *Cummings*, or because they are insufficiently pled. *See* MIL Memo at 17–22. The Court addresses each theory of damages in turn.

### 1.    Lost Educational Opportunities

An essential element of a Title IX sexual harassment claim is that a plaintiff must establish that she was effectively "deprived [of her] equal access to the educational opportunities or benefits provided by [the] school[.]" *Fairfax Cnty. Sch. Bd.*, 1 F.4th at 263. As *Cummings* teaches, the relevant question is whether such damages are "traditionally available in suits for breach of contract." *Cummings*, 142 S. Ct. at 1571. Several post-*Cummings* district courts have allowed plaintiffs to seek recovery for lost opportunities they suffered as a result of discrimination in violation of Spending Clause statutes. *See Montgomery v. District of Columbia*, No. 19-1928, 2022 WL 1618741, at *26 (D.D.C. May 23, 2022) (allowing damages for lost opportunity to "meaningfully access and fully participate in his interrogations" under American Disabilities Act

("ADA") and Rehabilitation Act); *Chaitram v. Penn Med.-Princeton Med. Ctr.*, No. 21-17583 (MAS) (TJB), 2022 WL 16821692, at *2 (D.N.J. Nov. 8, 2022) (finding an "expectation interest in the ability to fully participate in her own medical care through effective communication"); *see also* Final Jury Instrs., *Nancy Roe v. Purdue Univ.*, No. 4:18-cv-89-JEM (N.D. Ind. Sept. 23, 2022), ECF No. 140 (Instr. No. 24) (instructing jury to compensate for lost access to educational opportunities if the jury finds for plaintiff in Title IX action).

Defendant concedes that there "may" be cases where a Title IX plaintiff may be able to recover damages for lost educational opportunities. MIL Memo at 21. However, Defendant argues that in order to recover damages for lost educational opportunities, the damages must "be established with reasonable certainty." Reply at 6 (quoting Restatement (Second) of Contracts § 352 cmt. a (1981)). For example, Plaintiff should only be permitted to recover such damages if there is an apparent economic loss that Plaintiff incurred in purchasing a substitute for the denied opportunities. *See* MIL Memo at 21 (citing *Belcher v. Robertson Cnty.*, No. 3-13-0161, 2014 WL 6686741, at *12 (M.D. Tenn. Nov. 26, 2013) (allowing damages for tuition paid to private school after experiencing discrimination under Title IX)). Arguing that no such economic losses were alleged, nor presented at the first trial, Defendant moves this Court to preclude Plaintiff from seeking damages for lost educational opportunities in this matter. *See id* at 22.

The Court will deny this request. Lost educational opportunities lie at the heart of Title IX private right of action cases. *Davis*, 526 U.S. at 650 ("The statute makes clear that, whatever else it prohibits, students must not be denied access to educational benefits and opportunities on the basis of gender."). Plaintiff identified lost educational opportunities in her amended complaint, and the Fourth Circuit cited at least two "concrete, negative effect[s]" the alleged sexual assault had on Plaintiff's ability to participate in educational opportunities and benefits provided by the school. *Fairfax Cnty. Sch. Bd.*, 1 F.4th at 276. Specifically, the Fourth Circuit noted that "Doe's academic

performance and class attendance declined after the band trip." *Id*. Further, the court observed that Doe "sat alone in a small, windowless practice room" during band class to avoid encountering Smith, and ultimately "missed the band's end-of-year concert because she did not want to see Smith." *Id*.

Although it is true that principles of contract law place the burden on the plaintiff to prove damages with reasonable certainty, Restatement (Second) of Contracts § 352 cmt. a (1981), compensatory damages that are not based upon specific monetary harm but stem directly from lost opportunities suffered as a result of discrimination can nonetheless serve as a basis for damages in private right of action cases based on Spending Clause statutes. *See Montgomery*, 2022 WL 1618741, at *25 n.39, *26 (allowing recovery for lost opportunity under ADA and Rehabilitation Act, and holding that "the Court will not usurp the role of the jury and attempt to quantify such damages in the summary judgment setting."); *Chaitram*, 2022 WL 16821692, at *2 (allowing recovery for loss of meaningful access to participate in medical care); Final Jury Instrs., *Nancy Roe v. Purdue Univ.*, No. 4:18-cv-89-JEM (N.D. Ind. Sept. 23, 2022), ECF No. 140 (Instr. No. 24) (instructing jury to "determine the amount of money that will fairly compensate [plaintiff] for any injury that you find she sustained as a direct result of being denied equal access to educational opportunities").[2] Accordingly, this Court finds that such losses of educational opportunities remain recoverable post-*Cummings* and that it would be premature at this time to preclude Plaintiff from presenting evidence related to compensatory damages for lost educational opportunities and benefits. Defendant's motion *in limine* is therefore denied as to this measure of damages.

---

[2] Although Plaintiff did not specifically seek nominal or symbolic damages in the amended complaint, *see* Am. Compl. ¶ 112, at least one other court has instructed a jury they may award such damages where the actual damages "have no monetary value." Final Jury Instrs., *Nancy Roe v. Purdue Univ.*, No. 4:18-cv-89-JEM (N.D. Ind. Sept. 23, 2022), ECF No. 140 (Instr. No. 24). *Cf.* Restatement (Second) of Contracts § 346(2) (Am. L. Inst. May 2022 Update) (permitting award of nominal damages "[i]f the breach caused no loss or if the amount of the loss is not proved"). Of note, that court gave the nominal damages instruction even where the plaintiff had not explicitly sought nominal damages in the complaint. Compl. at 8, *Nancy Roe v. Purdue Univ.*, No. 4:18-cv-89-JEM (N.D. Ind. Nov. 13, 2018), ECF No. 1.

## 2. Expenses for Medical or Psychological Treatment

Defendant next moves this Court to preclude Plaintiff from presenting evidence or argument at trial to support recovery of medical expenses Plaintiff claims to have incurred as a result of Defendant's alleged violation of Title IX. *See* MIL Memo at 19–20. Defendant argues that Plaintiff failed to adequately disclose any computation of such expenses in the discovery leading up to the first trial. *See* Reply at 12. Defendant also contends that Plaintiff offered no competent medical evidence or expert testimony that could provide a causal link between the medical issues alleged and Defendant's alleged conduct in violation of Title IX. *Id*. Finally, Defendant argues that the medical and psychological expenses are simply "repackaged damages for emotional harm that are not compensable after *Cummings*." *Id. Cf. Doe v. City of Pawtucket*, No. CA 17-00365, 2022 WL 4551953, at *3–4 (D.R.I. Sept. 29, 2022) (only allowing medical expense damages that "result[ed] from non-emotional distress harm").

The Court finds that Plaintiff has not adequately alleged expenses for medical or psychological treatment that may be recovered post-*Cummings*. Plaintiff alleges that "[a]fter more than two days of feeling emotionally and physically ill from the trauma she experienced, . . . [she] could not eat, and was throwing up." Am. Compl. ¶ 43. Plaintiff further alleges she "struggled academically, physically, and emotionally for the remainder of the school year." *Id*. ¶ 81. The amended complaint contains no allegations of any physical injury or medical expenses that "result from non-emotional distress harm." *City of Pawtucket*, 2022 WL 4551953, at *3. While Plaintiff asserts that she produced invoices relating to expenses for counseling and medical treatment for stomach-related issues, Opp. at 18, the Court finds these damages "resemble varying forms or descriptions of emotional distress" and are therefore unavailable under *Cummings*. *City of Pawtucket*, 2022 WL 4551953, at *4 (only permitting medical expense damages that "stem from medical examination and treatment for physical harm that minor Plaintiff might have sustained

during her sexual assault"). Finding that the medical expenses Plaintiff seeks to recover are proxies for impermissible emotional distress damages, the Court will preclude Plaintiff from presenting such evidence at trial. Defendant's motion *in limine* will therefore be granted as to this issue.

### 3.    Lost Earning Capacity and Lost Employment Opportunities

Finally, Defendant moves this Court to preclude Plaintiff from presenting evidence or argument in support of recovering damages for diminished earning capacity or lost employment opportunities as a result of Defendant's alleged violation of Title IX. MIL Memo at 18–19. Consequential damages for lost earning capacity may be awarded in breach of contract cases where a plaintiff alleges "the loss of identifiable professional opportunities," and where a plaintiff "alleges and proves with specificity that the defendant's breach actually adversely influenced or affected job opportunities." 24 Williston on Contracts § 66.4 (4th ed. 2022) (internal quotations omitted). General assertions of difficulty in obtaining employment following a breach of contract, on the other hand, are essentially claims of reputational harm and are not recoverable in contract law. *See id.*; *LifeNet Health v. LifeCell Corp.*, No. 2:15cv461, 2016 WL 11672048, at *4 (E.D. Va. Sept. 2, 2016) (no recovery for reputational harm in breach of contract actions in Virginia).

In *Rice v. Community Health Association*, the Fourth Circuit held that plaintiffs must plead and prove "future identifiable professional opportunities that would have been available to [them] absent the breach" and that were in contemplation of the parties at the time of their contract. 203 F.3d 283, 289 (4th Cir. 2000) (cleaned up). The Fourth Circuit further held that absent such pleading and proof, "such consequential damages are simply too speculative and the contracting parties cannot reasonably be presumed to have anticipated such damages at the time they entered into a contract." *Id*. In that case, the court found that two experts generally opining that the plaintiff "would experience substantial difficulty obtaining a full-time position" was insufficient to meet this specificity standard. *Id*.

11

The only allegations in Plaintiff's amended complaint regarding the loss of identifiable professional opportunities are general assertions that Plaintiff suffered "lost future earnings and earning capacity." Am. Compl. ¶ 112. The amended complaint is otherwise devoid of any specific allegations supporting these damages. *See generally id*. The Court finds the amended complaint inadequately pleads any loss of identifiable professional opportunities, and Plaintiff cannot cure this now by presenting evidence or expert testimony that Plaintiff has since experienced general difficulty obtaining employment or has generally earned less than she would have absent Defendant's alleged Title IX violations. *See Rice*, 203 F.3d at 289. Absent allegations of a specific employment opportunity that was foreclosed by Defendant's alleged violations, Plaintiff cannot recover for diminished earning capacity or lost future earnings. *Cf. Unknown Party v. Ariz. Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2022 WL 17081309, at *17 (Nov. 18, 2022) (finding loss of identifiable professional opportunities where both parties conceded Plaintiff was likely to become Division I wrestling coach); *Rullo v. Univ. of Pittsburgh*, No. 17-1380, 2021 WL 633381, at *3–4 (Feb. 18, 2021) (finding adequately pled loss of identifiable professional opportunities where alleged Title IX violations led Plaintiff to transfer to lower ranked law school and therefore lose access to certain caliber of jobs).

Additionally, even if Plaintiff could allege specific opportunities lost, the Court finds that any such losses would be too attenuated in time from the alleged Title IX violations during Plaintiff's high school years to prove Defendant's "breach actually adversely influenced or affected job opportunities." 24 Williston on Contracts § 66.4. The Court therefore finds that Plaintiff is precluded from presenting evidence or argument at the retrial supporting recovery for diminished earning capacity or lost future earnings. Accordingly, Defendant's motion *in limine* is granted in relevant part with respect to lost earning capacity and lost employment opportunities.

## IV.    Conclusion

In sum, this Court finds that Plaintiff is not precluded from introducing evidence that Title IX liability can attach based on the conduct of school officials that occurred after the 2016–2017 school year subject to Defendant's right to seek judgment as a matter of law should Plaintiff fail to adduce evidence of Defendant's actions or inactions as they relate to the alleged Title IX violations during Plaintiff's senior year. The Court further finds that Plaintiff is precluded from introducing evidence supporting recovery for emotional distress damages. The Court will also preclude Plaintiff from seeking recovery of medical or psychological care expenses related to Plaintiff's emotional distress from the alleged Title IX violations, and the Court will likewise preclude Plaintiff from seeking recovery of lost earning capacity and lost future earnings for the reasons stated above. The Court will, however, deny Defendant's motion *in limine* with respect to the presentation of evidence related to lost educational opportunities and benefits. Plaintiff may introduce evidence related to the loss of educational opportunities and benefits as a result of Defendant's alleged violation of Title IX.

* * *

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion *in Limine* to Preclude Evidence and Argument Regarding (1) Liability for Post-June 2017 Conduct and (2) Plaintiff's Alleged Damages (Dkt. No. 410) shall be GRANTED IN PART and DENIED IN PART, as set forth above.

**IT IS SO ORDERED.**

/s/
_____
Michael S. Nachmanoff
United States District Judge

January 25, 2023
Alexandria, Virginia

13