**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **JANE DOE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:18-cv-614 (MSN/IDD)** |
| ) | |
| **FAIRFAX COUNTY SCHOOL BOARD,** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S REPLY BRIEF REGARDING**
**PLAINTIFF'S VOLUNTARY MOTION TO DISMISS WITH PREJUDICE**

It is curious why Defendant objects to this Court retaining jurisdiction to ensure Doe's name is not made public pursuant to this Court's protective orders. *See*, *e.g.*, ECF No. 62 (Jan. 2, 2019) (First Amended Protective Order) at Para. 1 ("Confidential Material" includes "the identity of Jane Doe"). Tellingly, this First Amended Protective Order resulted from Defendant objecting to this Court's ruling (as a then-magistrate judge) that kept the name of Doe and other witnesses confidential and tightly held during the litigation with the safeguards and precautions of the protective order having to be followed, an order which Judge O'Grady upheld over Defendant's objections, and which resulted in the First Amended Protective Order. *See id.* Defendant does not even contest that the January 2, 2019, First Amended Protective Order — by its own terms as ordered by the Court — "survive[s] termination of this action," *see* ECF No. 429 (Def.'s Opp. Br.) at 6-7. Defendant also apparently concedes that the Court by law retains the power and jurisdiction to enforce its protective orders *even after judgment*. *See id.*, at 7 ("[The protective orders] should give Plaintiff all the assurance she needs that the Court already has jurisdiction to resolve any issues over the protective orders following dismissal.") and fn. 1.

So why does Defendant continue this case and haggle over a dismissal with this Court retaining jurisdiction?  Apparently, Defendant sees a difference in a breach of this Court's protective orders and a breach of the settlement agreement requiring Doe's true name to be kept confidential and redacted before any copy of the settlement is disclosed to others.  It tries to argue that a breach of the settlement agreement by disclosing Doe's name would not vest this Court with jurisdiction because a breach of the settlement agreement would be a breach of contract action, *see id.* at 4-5, but as noted, Defendant also concedes this Court would have jurisdiction to enforce the protective orders protecting Doe's identity.  *Id.*, at 7.  Simply stating Defendant's argument shows its absurdity.

There is no difference between Defendant breaching the settlement agreement as to protecting Doe's identity and breaching this Court's First Amended Protective Order: If Defendant breaches the settlement agreement by disclosing Doe's true name or not redacting it from the settlement agreement, Defendant necessarily will be violating this Court's First Amended Protective Order simultaneously, as Doe's identity is "confidential material" under the Order's specific terms.  Thus, a breach of the settlement agreement regarding the release of Doe's identity by Defendant *does create* jurisdiction for this Court because it also simultaneously constitutes a breach of the protective orders.  Defendant concedes as much in its brief.  *Id.* at 7.  But even if the parties agree that such jurisdiction exists for an action related to a breach of the protective order (which, as noted, also could be an action to enforce the settlement agreement or to seek damages for its breach), that does not cut it — this Court has an independent obligation to ensure it has jurisdiction over any such future action, which could be ascertained easily if the dismissal order states the Court has retained jurisdiction over the settlement agreement and its prior protective orders.

As noted, Plaintiff believes that the protective orders and the settlement agreement are necessarily fused, given the First Amended Protective Order ensures Doe's identity remains confidential even after this case is dismissed.  Plaintiff simply requests that the Court specify that it retains jurisdiction over the settlement agreement and its prior orders.  Doing so would save the parties (at least Plaintiff) and this Court (and perhaps Virginia courts as well) the time and expense of having to rehash this issue in this or Virginia courts.

One final point.  Defendant unconvincingly argues that the obligation was on Plaintiff to seek specific authority in the settlement agreement to seek retention of jurisdiction via the dismissal order.  That argument blinks reality and, more importantly, the Federal Rules of Civil Procedure.  If Defendant wanted to retain the ability to ensure it agreed with a dismissal order, it easily could have used the traditional method used in countless cases before this Court, where the parties jointly file a "stipulation of dismissal signed by all parties who have appeared," which dismisses the case without a Court order pursuant to Fed. R. Civ. P. 41(a)(1)(ii).  That is not what Defendant drafted or the parties agreed to.  The agreement provides that Plaintiff shall "cause her counsel to file a Request for Dismissal with Prejudice of the Lawsuit."  *Id.* Opp. Br. at 2.  That language means Plaintiff had to follow Rule 41(a)(2), which provides that "[e]xcept as provided in Rule 41(a)(1), ***an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper***." (emphasis added). If Defendant had wanted a Rule 41(a)(1) dismissal, it could have specified that in the agreement by stating that Plaintiff would file a stipulation of dismissal signed by all parties who have appeared.  Defendant did not bargain for that.  From the first draft through the last, the language had been that Plaintiff shall "file a Request for Dismissal With Prejudice of the Lawsuit."  Rule 41's language is quite specific that a "stipulation" (Rule 41(a)(1)(ii)) is quite different than a "request" (Rule 41(a)(2)) to dismiss a

lawsuit.  The plain language of the agreement and Rule 41 precludes Defendant's "we didn't agree to that" or "I didn't know what I was buying" argument.

*       *       *

As noted in Plaintiff's initial papers, Plaintiff requests dismissal pursuant to the settlement agreement and requests that the Court retain jurisdiction to enforce its own orders and the terms of a settlement agreement to ensure Doe's identity is protected.  There is no prejudice to any party.  Defendant drafted the language using "request," the parties agreed to it, and this Court can dismiss at the plaintiff's request "on terms that the court considers proper."

To prevent any ambiguity or dispute as to this Court's authority to ensure Doe's identity remains protected, this Court should dismiss the action with prejudice and specify that it retains jurisdiction both to enforce its prior orders protecting Doe's identity and the terms of the parties' settlement agreement.

| | |
|---|---|
| June 15, 2023 | Respectfully submitted, |
| | ATES LAW FIRM, P.C. |
| | _/s/ John R. Ates_ |
| | John R. Ates (VSB #71697) |
| | 1800 Diagonal Road, Suite 600 |
| | Alexandria, Virginia 22314 |
| | 703-647-7501 (tel) |
| | j.ates@ateslaw.com |
| | |
| | PUBLIC JUSTICE, P.C. |
| | Adele P. Kimmel (admitted _pro hac vice_) |
| | Alexandra Zoe Brodsky (admitted _pro hac vice_) |
| CORREIA & PUTH, PLLC | 1620 L Street NW, Suite 630 |
| | Washington, D.C. 20036 |
| _/s/ Linda M. Correia_ | (202) 797-8600 (tel) |
| Linda M. Correia (admitted _pro hac vice_) | (202) 232-7203 (fax) |
| Lauren A. Khouri (admitted _pro hac vice_) | akimmel@publicjustice.net |
| 1400 16th Street NW, Suite 450 | abrodsky@publicjustice.net |
| Washington, D.C. 20036 | |
| (202) 602-6500 (tel) | _Counsel for Plaintiff_ |
| (202) 602-6501 (fax) | |
| lcorreia@correiaputh.com | |
| lkhouri@correiaputh.com | |

4